22     COURT OF APPEALS OF WEST VIRGINIA.

July Term,     M. Gutman & Co. vs. Virginia Iron Co.     1871.

## Wheeling.

### M. Gutman & Co. vs. The Virginia Iron Co.
### McClellan & Knox vs. Idem.

#### July Term, 1871.

1. The language that "the plaintiffs are justly entitled to recover," in an affidavit for an attachment under the act of 1867, chap. 118, sec. 1, is a substantial compliance with the spirit of the law, which provides that the affidavit shall state 1st. The nature of the plaintiff's claim. 2d. "That it is just,"

2. The order of attachment provided for in the act of 1867, chap. 118, sec. 1, is not a writ, and need not run in the name of the State.

These cases arose in Preston county. The summons was returnable to December rules, 1868. At the time of issuing the summons an affidavit was filed alleging the institution of the suit, the nature of the account, that the affiant believed the plaintiffs were "justly entitled to recover in said action," a certain sum, and then stated the terms on which an attachment was based. The clerk issued an order to the sheriff to attach the estate of the defendants, sufficient to pay the sum mentioned in the affidavit, and make return to the next term of the circuit court, and signed the order as clerk of the court. The order did not run in the name of the State.

The defendants moved the court to quash the attachment for informality, which motion was overruled at December term, 1869. The grounds of the motion to quash are stated in the opinion of the judge. The cases were precisely the same.

The defendant appealed.

*Boggess*, for the plaintiff in error.
*Stanton & Allison*, for the defendants in error.

MOORE, J.  The plaintiffs instituted an action of trespass on the case in assumpsit against the defendants, on the 28th of November, 1868, in the circuit court of Preston county. At the time the said action was brought the plaintiffs filed with the clerk of said court an affidavit of James K. Jacob, a credible person, and obtained thereon an order of attachment from said clerk, which order of attachment was levied on certain goods, the property of defendants.  The defendants moved the court to quash the order of attachment, which motion the court overruled.  Judgment for plaintiffs and sale of the property attached.  From the judgment of the court, overruling the motion to quash the order of attachment, the defendants appealed to this court, and insisted that the court below erred, because the affidavit did not sufficiently state the facts to show the existence of the grounds on which the attachment was based, and that the attachment was deficient and insufficient in form and substance.  The amendatory act of 1867, chap. 118, sec. 1, under which this order was made, is almost a transcript of the Ohio statute.  By the said amendatory act, the order of attachment was directed to be made by the clerk of the court in which the action was about to be or was brought, when there was filed with him the plaintiff's or some credible person's affidavit, stating, 1st. The nature of the plaintiff's claim; 2d. That it is just; 3d. The amount the affiant believed the plaintiff ought to recover; 4th. The existence of some one or more of the eight grounds for such attachment enumerated in said statute; and, 5th. All the facts upon which he relied to show the existence of the grounds upon which his application for the attachment was based.  The statute also prescribed the form of the order. The order of attachment in this case is the same as prescribed by said statute.  The affidavit is in the language of the statute, except in one particular, viz: it does not state in the language of the statute that the claim "*is just;*" but it does state that the "plaintiffs *are justly entitled to recover* in the said action the sum of $469.64;*" which language is a substantial compliance with the spirit of the law.  *Ludlow* vs. *Ramsey*, 11 Wallace 588.  An affidavit in the language of the statute has been repeatedly held sufficient.  *Hockspringer* vs. *Ballenberg*, 16 Ohio Rep. 304; *Harrison et al.* vs. *King et al.*,

9 Ohio St. Rep. 388, and *Emmitt* vs. *Yeigh*, 12 Ohio St. Rep. 337. There is nothing in the order of attachment that would have justified the court in quashing it, unless it should be considered a writ. If it is a writ, the constitution, art. 1, § 5, declares it shall run in the name of "The State of West Virginia." This order of attachment does not run in the name of "The State of West Virginia." Is it to be considered such a writ as is contemplated by the constitution? It closely resembles a writ; in fact, its features are so entirely a writ that had it issued under the third, fourth or fifth sections of chapter 151, Code of 1860, it would have been considered, not ancillary but original process, being the commencement of a summary action; and as such not running in the name of the State of West Virginia. The court should quash it *ex-officio*, and certainly on motion. On the other hand, the language of the first section of said amendatory act indicates plainly that the Legislature intended the prescribed order to be simply a provisional remedy or order to hold the property as bail subject to the payment of such judgment as the plaintiff may obtain. It issues only ancillary to an action, and is made at the commencement of the action, or at any time after the commencement and before judgment in the action. It is the summons in the action that gives jurisdiction, and not the order of attachment, just as the summons in chancery and not the order of attachment endorsed thereon under the 11th section of said chapter 151, gave jurisdiction. The attachment is only the creature of the legislative will, and is independent, or auxillary, just as the statute prescribes. Existing only by authority of the Legislature, it seems to me the Legislature has a clear right to prescribe the form thereof, the power to designate whether the provisional remedy shall be exercised by writ or simple order. In Howard's New York Code, (1859) page 342, I find a note to section 227 of the New York attachment law, which gives substantially the same grounds for an attachment that the said first section of the act of 1867 gives, referring to the case of *Houghton* vs. *Ault*, 16 Howard (N. Y. R.) 77, (which report I have not been able to procure,) says: "Under the Code (N. Y.) an attachment is not process for the commencement of an action; it is an order in the action for arrest of

the debtor's property in the nature of bail for the payment of such judgment as the plaintiff may obtain; it may issue in a proper case at the time of commencing the action, or at any time afterwards.   In these respects it is entirely unlike the attachment provided by the revised statute, that being the commencement of a proceeding instituted and conducted out of court, before an officer who derives his power in the matter from the statute."   I am therefore of the opinion that the Legislature did not intend the prescribed order, under the said first section, to be a writ, but only a provisional order for the arrest of the debtor's property, to protect the plaintiff under the particular circumstances of his case, by holding the said property in the nature of bail for the payment of such judgment as plaintiff might obtain.   But should there be doubt as to the right of the Legislature to prescribe, in such cases, an order instead of a writ, then, applying the language of an eminent jurist, "that to doubt is to affirm," it is our duty to affirm this judgment, and especially in consideration of the fact that a contrary decision would tend to open up litigation throughout the State that has heretofore been settled by the practice of the circuit courts in holding that said order was not to be construed as a writ.

The judgment, therefore, of the court below should be affirmed, with costs and damage.

The other judges concurred.

JUDGMENT AFFIRMED.