# CHARLESTON.

JAMES R. WILLIS, *Petitioner v.* HON. H. C. WARTH, *Judge, etc., et al.*

(No. 6718)

Submitted January 21, 1930.   Decided January 28, 1930.

*Thomas West,* for petitioner.
*Daniel W. Ambrose,* for respondents.

LIVELY, PRESIDENT:

Petitioner, James R. Willis, seeks a prohibition against a judgment rendered against him by the Common Pleas Court of Cabell county on the 15th day of December, 1929.   The case is submitted on the petition, the rule in the petition served upon the defendants, Honorable H. C. Warth, Judge, and Doctor J. M. Adams; the return of Dr. Adams to the rule; and upon the demurrers to, and motions to strike out both the petition and the rule based thereon, and the return hereto.

It appears that Dr. Adams had instituted a suit against Mr. and Mrs. James Finley before J. T. Stuart, a justice of the peace of Cabell county, for the recovery of a claim upon the trial of which action, the justice rendered a judgment in

favor of the plaintiff against the Finleys for $16.00. The Finleys applied for and obtained an appeal to the Common Pleas Court from said judgment and gave an appeal bond with petitioner Willis as security thereon conditioned for the payment of costs if the Court of Common Pleas on the appeal should decide in favor of Adams. This bond was given under the provisions of section 164, chapter 50 of the Code, which provides that an appeal may be taken if the person appealing gives a bond conditioned to pay the costs on such appeal if the judgment appealed from be affirmed. The appeal coming on to be heard on the 12th day of December, 1929, the parties waived a jury and produced their evidence before the judge of the court, who, upon hearing the same, rendered judgment against the Finleys and the petitioner here, James R. Willis, security on the appeal bond, for the sum of $16.00 and all proper costs in that court and the justice's court, including a statutory fee of $5.00 payable to the attorney of Dr. Adams, with interest thereon at 10% until paid. Petitioner says that the court was without jurisdiction to pronounce this judgment against him for the alleged debt owing by the Finleys to Dr. Adams, because his obligation on the bond was simply to pay the costs on the appeal; predicating his assertion of want of jurisdiction of the court to pronounce the judgment against him on section 172, chapter 50, Code, the latter part of which, says: "But if the appeal bond be for the payment of costs only, judgment shall be given against the appellant and those who signed the bond for the costs of the appeal."

Clearly, the court was without jurisdiction to pronounce the judgment complained of. Willis was not a party to that suit, and was not before the court as a litigant. He was simply a surety on the bond for the payment of costs of the appeal if the judgment should be against his principals. He says in his application that he knew nothing about the rendition of this judgment against him until after the term at which it was rendered when the agent of Dr. Adams came to him requiring payment of the judgment with the costs thereon. He charges that he then attempted to compromise the small judgment by offering to pay one-half of the principal sum and costs, which the agent of Dr. Adams refused to accept,

and then he made application for this writ of prohibition.

The return admits the character of the bond given and the judgment rendered thereon; but Adams, who makes the return to the rule, says that no execution has ever been issued on that judgment and denies any knowledge of the alleged efforts of his agent to collect the judgment, and denies any knowledge of an offer on the part of Willis to pay one-half the $16.00 sum claimed by him together with the costs. It will be seen that the only real defense that is made to the rule is that no execution has been issued on the judgment rendered in excess of jurisdiction and therefore prohibition would not lie to prevent the collection of a judgment which has not been sought to be collected by the execution. This is not a sufficient return. The fact that the judgment stands unexecuted will not prevent prohibition against its collection. It might be conceded that if the return acknowledged that the judgment was without jurisdiction and of no force, and that no effort would ever be made for its collection, then prohibition would not lie, because the judgment creditor would be bound by his pleadings, and thus the spurious unauthorized judgment would be rendered harmless. The issuance of prohibition would then be a vain thing. But such is not the case here. The return simply says that no execution has as yet been issued. Prohibition lies as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or having such jurisdiction, exceeds its legitimate powers. Section 1, chapter 110, Code. Prohibition will lie against a judgment or decree which has been pronounced without jurisdiction or in excess of jurisdiction although no effort has been made to collect that judgment or the decretal judgment. The right to the writ lies whenever the court has exceeded its jurisdiction, that is, has acted through lack of jurisdiction. *Midland Investment Corporation* v. *Ballard*, 101 W. Va. 591, 133 S. E. 316; *City of Charleston* v. *Beller*, 45 W. Va. 44, 30 S. E. 152; *N. & W. Ry. Co.* v. *Pinnacle Coal Co.*, 44 W. Va. 574, 30 S. E. 196; 22 R. C. L., sec. 29, wherein is a quotation from Lord Mansfield as follows: "If, (said Lord Mansfield), it appears from the face of the proceedings that the court

520

below has no jurisdiction, a writ of prohibition may issue at any time either before or after sentence, because all is a nullity; it is *coram non judice.*" Said section of R. C. L. further continues: "But so long as anything remains to be done under a void judgment or order, prohibition may prevent the doing of it."

However, the court had jurisdiction to render judgment against petitioner on the appeal bond for the costs occasioned on the appeal, but did not have jurisdiction to render judgment against him for the costs before the justice, nor for the respondents' claim against the Finleys adjudicated to be $16.00, nor interest on these sums at 10%. The judgment for costs on the appeal is plainly separable from the costs incurred before the justice, the claim, and the 10% interest. We can only prohibit the enforcement of that part of the judgment which is in excess of the court's jurisdiction, the illegal part being separable from the legal. *Wilkinson* v. *Hoke,* 39 W. Va. 403, 19 S. E. 520. We award the writ only against the illegal and void part of the judgment above set out, moulding the writ to conserve petitioner's right under the pleadings.

*Writ awarded.*