Mary Maxine Teachout, *et al.*

*v.*

Larry Sherman's Bakery, Inc., *et al.*

*and* Joseph R. Belot

(No. 13480)

Decided July 22, 1975.

*Schrader, Miller, Stamp & Recht, Frederick P. Stamp, Jr.* for appellants.

*McCamic, McCamic & Hazlett, Jolyon W. McCamic* for appellees.

CAPLAN, JUSTICE:

In a civil action instituted in the Circuit Court of Ohio County, the plaintiffs, Mary Maxine Teachout and Richard J. Teachout, her husband, sought the recovery of damages for injuries which they alleged Mary Teachout sustained as a result of a fall onto a ceramic tile sidewalk. In their amended complaint the plaintiff's named as defendants Larry Sherman's Bakery, Inc., in front of which the said ceramic tile sidewalk was situate; Marie I. Scheuermann and Lawrence H. Scheuermann, owners and operators of the Sherman bakery; and Joseph R. Belot, the owner of the building in front of which the ceramic tile upon which Mrs. Teachout fell was situate.

Sherman's bakery and the Sheuermanns were personally served with process. Joseph R. Belot, a nonresident of West Virginia, was not personally served but jurisdiction over him was attempted to be obtained by an order of publication; also copies of the summons and complaint were mailed to him at his residence in Tiltonsville, Ohio. In addition, at the instance of the plaintiffs, an order of attachment was executed, attaching the subject property of defendant Belot.

Upon trial of this matter, Larry Sherman's Bakery having been dismissed, the jury returned a verdict in favor of the remaining defendants. The plaintiffs filed a motion to set aside the verdict of the jury and to be awarded a new trial. The court overruled that motion insofar as it pertained to the Scheuermanns but subsequently sustained it in relation to defendant Joseph R. Belot. Consequently, a new trial was awarded to the plaintiffs against defendant Belot alone, the court stating in its Memorandum of Opinion that the verdict was contrary to the weight of the evidence. It is from that order that this appeal is prosecuted.

Appearing specially, the defendant, Joseph R. Belot, filed a motion to dismiss the action against him. This motion was based on several grounds, but most pertinent to this appeal is the assigned ground that the court did not have jurisdiction over him, he being a nonresident and not having been served personally with process. Thus, he asserted, an *in personam* judgment could not be entered against him. The defendant did not stop there however. After his motion to dismiss was denied by the court, defendant Belot, "reserving unto himself through his special appearance as hereinbefore set out and, in particular not waiving this court's jurisdiction over him", filed an answer to the complaint. In his answer he denied any negligence on his part, alleged contributory negligence or assumption of risk on the part of plaintiff Mary Teachout and filed a crossclaim against Larry Sherman's Bakery, Inc.

Defendant Belot contended throughout the proceedings below that the court lacked jurisdiction over him by reason of the failure of the plaintiffs to have him personally served with process. Though he testified at the trial, he persisted in his position that he was appearing specially.

Although several errors are assigned by the defendant, dispositive of this appeal are the following considerations: (1) whether, by reason of the failure to obtain personal service on the defendant, the trial court lacked jurisdiction over him; and, (2) whether defendant Belot waived his objection to the court's jurisdiction and made a general appearance by entering into a stipulation extending his time to answer or otherwise move with respect to the complaint and by further participating in the trial subsequent to his special appearance.

In relation to (1) above, the plaintiffs readily acknowledge and expressly concede that in an *in personam* proceeding service of process outside this state on a nonresident defendant cannot confer upon the court in which the proceeding was instituted jurisdiction over the person of such defendant. They further conceded

that they could not obtain personal service of Belot by an order of publication. These propositions are so well established that lengthy citation of authorities is deemed unnecessary. *See, Smith v. Smith*, 140 W. Va. 298, 83 S.E.2d 923 (1954) and *Fabian v. Kennedy* 333 F. Supp 1001 (N.D. W. Va. 1971).

The order of attachment executed against the defendant's Wheeling property in no manner confers jurisdiction over the person of the defendant and is totally ineffective unless a valid judgment is obtained against him. An order of attachment is intended "to be simply a provisional remedy or order to hold the property as bail subject to the payment of such judgment as the plaintiff may obtain. It issues only ancillary to an action . . . It is the summons in the action that gives jurisdiction, and not the order of attachment . . ." *M. Gutman & Co. v. The Virginia Iron Co.*, 5 W. Va. 22 (1871). Our research reveals that this early decision reflects the law as it is today.

The plaintiffs contend that the defendant, having entered into a stipulation and having participated in the trial, made a general appearance. They assert that such appearance foreclosed the defendant from now complaining about the court's jurisdiction over him. Prior to the adoption of the West Virginia Rules of Civil Procedure (R.C.P.), one's right to preserve an objection to the jurisdiction of the court could be maintained only by making a special appearance. Since the adoption of said rules "the distinction between general and special appearances is deemed abolished in the sense that a defendant need no longer appear specially to attack the court's jurisdiction over him." 2A M.J., *Appearance*, §§ 12 and 14.

Rule 12(b), R.C.P., which provides that the defense of lack of jurisdiction over the person may be made by motion, further provides that "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." This rule has not been considered by our Court in relation to the question presented, but the federal courts, which

have an identical rule (Fed. R. Civ. P. 12(b)) have construed it to mean that a party can raise the defense of lack of jurisdiction over the person without appearing specially; he may also answer to the merits of the case and such joinder of defenses will not constitute a waiver of the jurisdictional defense.

In *Kerr v. Compagnie De Ultramar*, 250 F.2d 860 (2nd Cir. 1958), the court said: "By Rule 12(b), Federal Rules of Civil Procedure, jurisdiction over the person may be attacked either by motion or by answer. A voluntary general appearance does not constitute a waiver of this defense if it is properly raised in the answer." Following is Headnote No. 3 in *Investors Royalty Co., Inc. v. Market Trend Survey*, 206 F.2d 108 (10th Cir. 1953): "Federal Rule providing that no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion abolishes the distinction between general and special appearances. Fed. Rules Civ. Proc. rule 12(b), 28 U.S.C.A." In *Blank v. Bitker*, 135 Fed. 2d 962 (7th Cir. 1943) the court held that under Rule 12(b), Federal Rules of Civil Procedure, special appearances to challenge jurisdiction over the person are no longer necessary and such defense may be included with defenses to the merits without constituting a waiver of such jurisdictional defense.

We consider now the stipulation alluded to above and are thereby confronted with the question of whether Belot, by entering into such stipulation, waived his objection to the jurisdiction of the court. Of course, if he waived such objection then any judgment returned against him would not be rendered void by reason of the failure to obtain personal service. By the subject stipulation the parties agreed to extend the time "in which to answer or otherwise move with respect to the complaint heretofore filed".

As noted in 5 Am. Jur. 2d, *Appearance*, §§ 17 and 25, a stipulation entered into between the parties or their counsel with reference to a pending action is usually regarded as a general appearance. However, the subject

matter and nature of the stipulation are relevant to the consideration of whether the act of entering into such stipulation constituted a waiver of an objection to the jurisdiction of the court. If, from the subject matter and nature of the stipulation it is apparent that objection to the court's jurisdiction has not been waived, then the character of the appearance is immaterial. *Allen B. Du Mont Laboratories, Inc. v. Marcalus Manufacturing Co., Inc.*, 30 N.J. 290, 152 A.2d 841 (1959).

In that case counsel for the parties stipulated to the extension of time to "answer or otherwise proceed herein." Noting that prior to the adoption of its present rules such stipulation constituted a general appearance and foreclosed any further challenge to jurisdiction, the New Jersey Court cited its rules R.R. 4:12-8 and R.R. 4:12-2, and stated that said rules require the adoption of another approach. The thrust of the holding in that case is that jurisdiction of the court, whether it be of the subject matter or of the person, can be challenged by motion or in an answer and that such motion may be made before the answer. The court then said: "A stipulation extending its time 'to answer or otherwise proceed herein' does not suggest a purpose to abandon an objection which under the rules can be raised by answer or motion before answer. There is no reason to impose a consequence the parties to the stipulation did not intend."

The stipulation in the instant case is similar to that in the New Jersey case. The New Jersey rules alluded to in that case are similar, if not identical to Rule 12(b) and (h) of the West Virginia Rules of Civil Procedure. Under those rules (both New Jersey and West Virginia) challenge of jurisdiction can be made by motion before the answer is filed. We are in agreement with the above-quoted language. In view of the subject matter and nature of the stipulation and of the persistent challenge of the jurisdiction of the court throughout the trial by defendant Belot, we are of the opinion that he did not abandon his objection to the court's jurisdiction over him by entering into the stipulation. This is particularly so in view of the fact that, under our rules of civil

procedure, such objection can be raised by timely motion or in an answer and is not waived. Rule 12(b) R.C.P.

The court, in *Orange Theatre Corporation v. Rayherstz Amusement Corporation*, 139 F.2d 871 (3rd Cir. 1944), expressly abolished the distinction between general and special appearances and pointed up the absurdity of the former practice in the following succinct language:

> It necessarily follows that Rule 12 has abolished for federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in. This, of course, is not to say that such keys must not be used promptly. If the defense of lack of jurisdiction of the person is not raised by motion before answer or in the answer itself it is by the express terms of paragraph (h) of Civil Procedure Rule 12 to be treated as waived, not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by rules."

We adhere to the principles expressed in the *Orange Theatre* case and are in agreement with that court's interpretation of its Rule 12 which is designed to accomplish the same purpose as our Rule 12. Thus, in relation to procedure in our jurisdiction, a party who appears in a case and raises various objections by motion or in his answer, as provided in Rule 12(b), R.C.P., does not thereby waive his objection to jurisdiction over the person. So long as he timely notes his objection to the court's jurisdiction over his person in accordance with the provisions of Rule 12(b), the nature of his appearance, whether special or general, is immaterial. See Lugar & Silver-

stein, *W. Va. Rules*, p. 103, "To hold otherwise would invite contempt proceedings, as well as judgments or decrees by default." *Duncan v. Tucker County Board of Education*, 149 W. Va. 285, 140 S.E.2d 613 (1965).

Applying the foregoing principles to the case at bar we find that (1) the attempted service on the defendant did not confer upon the trial court jurisdiction over his person; (2) the objection to the court's jurisdiction was made by the defendant by timely motion and in his answer; and, (3) by reason of such motion and answer, he did not waive his objection to the court's jurisdiction and can avail himself of that defense on appeal. Furthermore, in view of the nature and subject matter of the stipulation, as noted above, his act of entering into such stipulation did not constitute a waiver of his objection to the jurisdiction of the court.

For the reasons stated herein the judgment is reversed and the case is remanded with directions to grant defendant Belot's motion to dismiss.

*Reversed and remanded with directions.*