584 S.E.2d 517

STATE of West Virginia EX REL. Michael C. FARBER, Petitioner,

v.

The Honorable James P. MAZZONE, Judge of the Circuit Court of Brooke County, and John R. Bailey, Respondent

No. 31277.

Supreme Court of Appeals of West Virginia.

Submitted June 10, 2003.

Decided June 26, 2003.

Michael C. Farber, Pro Se.

David A. Neely, Goldberg, Kamin & Garvin, Pittsburgh, PA, Attorney for the Respondent, John R. Bailey.

PER CURIAM.

Petitioner Michael C. Farber has requested this Court to issue of writ of prohibition against the Honorable James P. Mazzone of the Circuit Court of Brooke County preventing the lower court from asserting jurisdiction over him in the underlying professional liability action, due to defective service of process, and to quash a subpoena duces tecum requiring Mr. Farber to produce records in the underlying civil action. Having thoroughly reviewed the arguments of the parties, we grant the requested writ of prohibition.

## I. Factual and Procedural History

On July 11, 1997, Mr. John R. Bailey filed a complaint against Mr. Farber for legal malpractice in a domestic relations matter.[1] On July 15, 1997, Mr. Bailey sought service of process by certified mail with "restricted delivery."[2] The return receipt indicated that the complaint was received by Ms. Kathy Winters, a temporary secretary in Mr. Farber's law office. On August 19, 1997, Mr. Bailey filed a Motion for Default Judgment based upon Mr. Farber's failure to respond to the complaint, explaining that Mr. Farber had been served on July 15, 1997, and had not responded.

On November 3, 1997, Mr. Farber filed a response to the Motion for Default Judgment, contending that service of process had been defective and that the lower court consequently lacked jurisdiction over him. On January 27, 1998, the lower court, Judge Fred Risovich presiding, entered default judgment against Mr. Farber. Mr. Farber did not file an appeal to that default judgment. During a February 24, 1998, damages hearing, Mr. Farber filed a Motion to Set Aside Judgment Order, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, based upon his allegation of inef-

fective service of process. Mr. Farber contended that United States Postal Service rules provide that mail designated as "restricted delivery" should be delivered only to the addressee or the person authorized in writing to receive the mail. In the present situation, Mr. Farber had not authorized any other person to receive restricted delivery mail on Mr. Farber's behalf. The lower court refused to set aside the default judgment, and Mr. Farber did not appeal that decision. The February 24, 1998, hearing proceeded on the issue of damages, with Mr. Bailey testifying in his own behalf.

By letter dated September 1, 1998, Mr. Farber informed the lower court that he refused to participate in further hearings relative to the civil action and opted to "advance my defense on appeal before the Supreme Court of Appeals." However, no appeal was ever filed. An additional hearing on the issue of damages was conducted by the lower court on September 1, 1998. Although properly notified, Mr. Farber did not attend that hearing. Mr. Bailey presented expert testimony regarding his damages and also requested punitive damages. The lower court denied the request for punitive damages, pending receipt of financial information requested from Mr. Farber.

On September 23, 1998, Mr. Bailey served Mr. Farber with interrogatories and a request for production of documents to obtain the necessary financial information. Having received no response, Mr. Bailey filed an October 29, 1998, motion to compel Mr. Farber to respond to the requests. On November 24, 1998, the lower court entered an order compelling Mr. Farber to respond to the discovery requests within ten days. Mr. Farber did not respond.

On February 10, 1999, Mr. Bailey served Mr. Farber with a subpoena duces tecum

---

**1.** In the complaint, Mr. Bailey alleged that Mr. Farber had been negligent in his representation of Mr. Bailey in an attempt to modify a divorce decree, had failed to appear at hearings, and had not returned telephone calls.

**2.** Rule 4(d)(1)(B) of the West Virginia Rules of Civil Procedure, in effect at the time of this attempted service, provided for service of a complaint by certified mail with "delivery restricted" to the addressee. The rule further provided that

service pursuant to that subdivision "shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant ...." Subsequent to the 1998 amendments, the material contained in Rule 4(d)(1)(B) was relocated to rule 4(d)(1)(D) and (E). Thus, the amendments do not affect the outcome of this matter.

requiring Mr. Farber to bring all previously requested financial information to a hearing scheduled for April 9, 1999. When Mr. Farber did not appear for that hearing, the lower court issued a bench warrant for Mr. Farber's arrest, upon the request of counsel for Mr. Bailey. On December 10, 1999, Mr. Farber was taken into custody and delivered to the Central Regional Jail in Flatwoods, West Virginia. Mr. Farber immediately contacted a judge for the Circuit Court of Braxton County, who ordered that Mr. Farber be taken to the Braxton County Circuit Court for a bond hearing. Mr. Farber was thereafter released on personal recognizance.

In July 2002, this civil action was scheduled for dismissal for failure to prosecute under Rule 41(b) of the West Virginia Rules of Civil Procedure. The matter was thereafter set for hearing on a rule to show cause why petitioner had not yet complied with prior orders regarding the subpoena. On November 7, 2002, Mr. Farber failed to appear for a scheduled hearing on punitive damages. On December 2, 2002, the lower court, Judge Mazzone presiding, entered an order with respect to the November 7, 2002, hearing and bifurcated this matter as to compensatory and punitive damages. The court awarded Mr. Bailey $71,885.00 [3] in compensatory damages and ordered Mr. Farber to provide Mr. Bailey with the financial information relative to punitive damages originally requested through discovery in 1998.

Prior to a scheduled February 10, 2003, hearing on a rule to show cause why Mr. Farber had failed to comply with court orders, Mr. Farber communicated with the lower court by letter, explaining that he would be unable to attend the hearing due to the serious illness of a friend. Mr. Farber requested an additional ten days within which to produce the requested documents. Based upon those representations, the lower court scheduled the matter for hearing on April 1, 2003.

On March 31, 2003, Mr. Farber filed this petition for writ of prohibition to preclude further action in this matter. Mr. Farber

contends that the mandates of Rule 4 regarding valid service of process are to be strictly construed to assure proper notice and opportunity to respond to civil complaints. He further asserts that Mr. Bailey's failure to comply with Rule 4 rendered the service of process invalid and that the lower court did not have jurisdiction to enter the default judgment against him. Likewise, Mr. Farber maintains that the lower court lacks jurisdiction to enforce the subpoena duces tecum against him. Mr. Farber requests this Court to (a) prohibit the lower court from asserting jurisdiction in this matter; (b) quash the subpoena and dismiss the complaint.

In response to the requested writ of prohibition, the lower court contends that Mr. Farber is the victim of his own failure to pursue an appeal of the default judgment. Mr. Bailey likewise contends that valid service of process was obtained and that a default judgment was entered in January 1998. Mr. Bailey further maintains that because the default judgment was never appealed, it cannot be challenged in this writ of prohibition.

## II. Standard of Review

 The standard of review applicable to a writ of prohibition has been explained as follows:

> " 'A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va.Code*, 53–1–1.' Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977)." Syl. pt. 2, *State ex rel. Kees v. Sanders*, 192 W.Va. 602, 453 S.E.2d 436 (1994).

Syl. Pt. 1, *State ex rel. United Hospital Center, Inc. v. Bedell*, 199 W.Va. 316, 484 S.E.2d 199 (1997). A writ of prohibition "lies as a matter of right whenever the inferior court (a) has not jurisdiction or (b) has jurisdiction but exceeds its legitimate powers and it matters not if the aggrieved party has

---

**3.** This amount of damages was based upon evidence submitted in a prior hearing before Judge Risovich.

some other remedy adequate or inadequate." *State ex rel. Valley Distributors, Inc. v. Oakley,* 153 W.Va. 94, 99, 168 S.E.2d 532, 535 (1969).[4] As this Court specified in syllabus point ten of *Jennings v. McDougle,* 83 W.Va. 186, 98 S.E. 162 (1919), "When a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies."

### III. Discussion

■ The primary argument advanced in opposition to the requested writ of prohibition is premised upon Mr. Farber's failure to appeal the determinations of the lower court in this matter. West Virginia Code § 53–1–1 (1923) (Repl.Vol.2000) provides the general standard for the issuance of a writ of prohibition, as follows: "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." As the respondents maintain, this Court has indicated that a writ of prohibition may not be used as a substitute for appeal. *See* Syl. Pt. 1, *Crawford v. Taylor,* 138 W.Va. 207, 75 S.E.2d 370 (1953) ("Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in

which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari"); *see also State ex rel. Shelton v. Burnside,* 212 W.Va. 514, 575 S.E.2d 124 (2002).

■ With regard to the specific issue of the absence of jurisdiction, however, this Court has clarified that a writ of prohibition is obtainable as a matter of right, "regardless of the existence of other remedies." *Jennings,* 83 W.Va. at 186, 98 S.E. at 162, syl. pt. 10, in part. "Traditionally, the writ of prohibition speaks purely to jurisdictional matters. It was not designed to correct errors which are correctable upon appeal." *State ex rel. Williams v. Narick,* 164 W.Va. 632, 635, 264 S.E.2d 851, 854 (1980) (citing *State v. Muntzing,* 146 W.Va. 878, 122 S.E.2d 851 (1961)). As this Court emphasized in the syllabus of *Willis v. Warth,* 108 W.Va. 517, 151 S.E. 707 (1930), *overruled in part on other grounds by State v. Cruikshank,* 138 W.Va. 332, 76 S.E.2d 744 (1953), a case involving the alleged lack of personal jurisdiction over the petitioner, "Where an inferior court has rendered a judgment without jurisdiction its action is *coram non judice,*[5] and prohibition will lie to prevent the enforcement thereof as soon as the judgment has been rendered...." In syllabus point three of *State*

---

4. The critical distinction between this Court's approach to jurisdictional issues as opposed to non-jurisdictional issues is apparent in syllabus point four of *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996), as follows:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of

prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

In syllabus point two of *Woodall v. Laurita,* 156 W.Va. 707, 195 S.E.2d 717 (1973), this Court also emphasized the distinctive analysis of jurisdictional issues:

> Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue.

5. *See* Black's Law Dictionary 338 (7th ed.1999) (defining *"coram non judice"* as "1. Outside the presence of a judge. 2. Before a judge or court that is not the proper one or that cannot take legal cognizance of the matter").

*ex rel. Lemley v. Roberts,* 164 W.Va. 457, 260 S.E.2d 850 (1979), *overruled on other grounds by Stalnaker v. Roberts,* 168 W.Va. 593, 287 S.E.2d 166 (1981), this Court stated as follows: " 'A void judgment, being a nullity, may be attacked, collaterally or directly, at any time and in any court whenever any claim or right is asserted under such judgment.' Syl pt. 3, *State ex rel. Vance v. Arthur,* 142 W.Va. 737, 98 S.E.2d 418 (1957)." [6]

■ In *West Virginia Secondary School Activities Commission v. Wagner,* 143 W.Va. 508, 102 S.E.2d 901 (1958), this Court explained that "[t]o enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction." *Id.* at 520–21, 102 S.E.2d at 909 (citing *Morris v. Calhoun,* 119 W.Va. 603, 195 S.E. 341 [1938]). In *Bowers v. Wurzburg,* 205 W.Va. 450, 519 S.E.2d 148 (1999), this Court discussed valid service of process as a prerequisite to the assumption of jurisdiction and explained that "service of process brings the defendant before the court, and personal jurisdiction contemplates whether the defendant is properly before the court so as to permit the tribunal to exercise jurisdiction over his/her person." *Id.* at 457 n. 5, 519 S.E.2d at 155 n. 5. The *Bowers* Court also explained that " '[i]t is well settled that the issuance and service of process in the manner prescribed by law, unless waived, is essential to the jurisdiction of all courts. It is the fact of service which gives the court jurisdiction.' " *Id.* at 457 n. 5, 519 S.E.2d at 155 n. 5 (quoting 14B Michie's Jurisprudence *Process* § 5, at 438–39).

■ Rule 4(d)(1)(B) of the West Virginia Rules of Civil Procedure, in effect at the time

of this attempted service, provided that service could be accomplished "by the clerk sending a copy of the summons and of the complaint by registered or certified mail, return receipt requested and delivery restricted to the addressee. . . ." As explained above, service of process in the present case was attempted by certified mail pursuant to Rule 4(d)(1)(B). The domestic return receipt for that certified letter was addressed to Michael C. Farber. The temporary secretary, Ms. Kathy Winters, received and signed for the certified mail. Rule 4 also specified that "[s]ervice pursuant to subsection (B) shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a return envelope showing refusal of the process by the defendant." [7]

■ Based upon the evidence regarding the manner in which service of process was attempted, this Court agrees with Mr. Farber that service was defective and therefore void; the lower court did not thereby obtain jurisdiction over Mr. Farber. Proper service of process is necessary to confer jurisdiction upon a circuit court, unless the jurisdictional error is in some manner waived by the party who has not received proper service of process. *See* Syl. Pt. 2, *Teachout v. Larry Sherman's Bakery, Inc.,* 158 W.Va. 1020, 216 S.E.2d 889 (1975) ("A defendant's objection to the court's jurisdiction over him may be expressed by motion or answer, as provided by Rule 12(b) R.C.P. and, if such jurisdictional objection is so made, the character of any further appearances at the trial, whether special or general, is immaterial and such appearance does not constitute a waiver of such objection"). In the present case, this Court's review of the record does not reveal any appearance by Mr. Farber which could be construed to waive his objection to the

---

**6.** In *Stalnaker v. Roberts,* 168 W.Va. 593, 287 S.E.2d 166 (1981), this Court overruled *Vance,* in part. However, the *Stalnaker* Court clarified that *Vance* was not overruled "with regard to our holding that a constitutionally infirm, and therefore void judgment, may be collaterally attacked. We overrule *Vance* . . . only to the extent that [it] permit[s] the forum for that attack to be the Circuit Court of Kanawha County when the original judgment was not rendered in Kanawha County. . . ." 168 W.Va. 593, 599, 287 S.E.2d 166, 169 (1981).

**7.** Mr. Farber has submitted an affidavit explaining that he has never authorized his secretary or any third party to serve as his agent for accepting his restricted mail. Thus, in this case, it is clear that the secretary was not properly authorized to accept Mr. Farber's restricted mail and that the restricted mail was to be delivered only to the specific addressee. If, however, an individual had properly filed an application for delivery of mail through an agent, acceptance by such agent would successfully effect service of process.

lower court's lack of personal jurisdiction over him.[8]

Consequently, we find that the default judgment rendered against Mr. Farber is void for lack of jurisdiction. This Court has consistently held that default judgments entered upon defective service of process are void. *See* Syl. Pt. 4, *Jones v. Crim*, 66 W.Va. 301, 66 S.E. 367 (1909) ("A default decree rendered upon a defective substituted service of process is void for want of jurisdiction"). The respondents are correct in their assertion that Mr. Farber could have appealed the decision of the lower court; however, the fact that Mr. Farber did not choose to avail himself of the opportunity to appeal does not dispossess him of his right to relief through a writ of prohibition. While Mr. Bailey and the lower court have expressed concern with the delay occasioned by Mr. Farber's failure to immediately pursue an appeal or to obtain relief through a writ of prohibition, we must emphasize that the passage of time does not confer jurisdiction upon the court. The lower court did not have jurisdiction over Mr. Farber due to ineffective service of process. Accordingly, we grant the requested writ of prohibition.

Writ Granted.

---

**8.** As this Court explained in *Teachout*, the adoption of the West Virginia Rules of Civil Procedure essentially abolished the distinction between general and special appearances by permitting a challenge to the court's jurisdiction by motion under Rule 12(b). *See Teachout*, 158 W.Va. at 1023–24, 216 S.E.2d at 892.