# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2021 Term

_____

No. 20-0126

_____

**FILED**
**March 12, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AARON W.,**
Petitioner Below, Petitioner

V.

**HONORABLE ROBERT M. MONTGOMERY,**
**JUDGE OF THE FAMILY COURT OF KANAWHA COUNTY; AND**
**EVELYN W.,**
Respondents Below, Respondents

_____

**Appeal from the Circuit Court of Kanawha County**
**The Honorable Charles E. King, Jr., Judge**
**Civil Action No. 19-P-471**

**AFFIRMED**

_____

**Submitted: February 16, 2021**
**Filed: March 12, 2021**

Charles R. "Rusty" Webb
The Webb Law Centre, PLLC
Charleston, West Virginia
Attorney for the Petitioner

Lyne Ranson
Lyne Ranson Law Offices, PLLC
Charleston, West Virginia
Attorney for the Respondent,
Evelyn W.

**CHIEF JUSTICE JENKINS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. "A party aggrieved by a lower court's decision on a motion to disqualify an attorney may properly challenge the lower court's decision by way of a petition for writ of prohibition." Syllabus point 1, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 697 S.E.2d 740 (2010).

2. "Prohibition is a preventive remedy. One seeking relief by prohibition in a proper case is not required, as a prerequisite to his right to resort to such remedy, to wait until the inferior court or tribunal has determined the question of its jurisdiction, or to wait until the inferior court or tribunal has taken final action in the matter in which it is proceeding or about to proceed." Syllabus point 5, *State ex rel. City of Huntington v. Lombardo*, 149 W. Va. 671, 143 S.E.2d 535 (1965).

3. "The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*." Syllabus point 1, *State ex rel. Callahan v. Santucci*, 210 W. Va. 483, 557 S.E.2d 890 (2001).

4. Upon motion of a party, a family court, by its express authority under West Virginia Code section 51-2A-7(a) (eff. 2013), may disqualify a lawyer from a case because the lawyer's representation in the case presents a conflict of interest where the conflict is such as to clearly call in question the fair or efficient administration of justice.

i

**Jenkins, Chief Justice:**

In this appeal, we are asked to decide whether a family court has the authority to disqualify an attorney appearing before it. Aaron W.,[1] the petitioner here and below, appeals from the Circuit Court of Kanawha County's January 21, 2020 order denying his petition for writ of prohibition. In his request for prohibitory relief, Aaron sought to prevent the Honorable Robert M. Montgomery, Judge of the Family Court of Kanawha County, and respondent here and below, from holding a hearing on or otherwise deciding the motion to disqualify Aaron's counsel that was filed in the family court proceedings by the other respondent here and below, Evelyn W. On appeal to this Court, Aaron contends that the limited jurisdiction of family courts does not allow them to consider disqualification motions, while Evelyn responds that family courts have the inherent authority to disqualify attorneys in cases over which the family courts preside. Upon a review of the parties' briefs and oral arguments, the appendix record, and the pertinent authorities, we find that the family courts of this State have the authority to disqualify attorneys appearing before them. Therefore, we affirm the circuit court's order reaching this same conclusion.

---

[1]Due to the sensitive nature of the facts involved in this case, we refer to the parties by their last initials rather than their full last names. *See, e.g.*, W. Va. R. App. P. 40(e) (restricting use of personal identifiers in certain cases); *In re I.M.K.*, 240 W. Va. 679, 682 n.1, 815 S.E.2d 490, 493 n.1 (2018); *In re S.H.*, 237 W. Va. 626, 628 n.1, 789 S.E.2d 163, 165 n.1 (2016).

# I.

## FACTS AND PROCEDURAL HISTORY

This case originated as a divorce proceeding between Aaron W. ("the husband"), who was represented by counsel, and Evelyn W. ("the wife"), who represented herself. The husband's counsel, Mr. Webb, previously had represented both the husband and the wife in a civil action against the Kanawha County Board of Education ("BOE") in which the husband sought to recover for injuries he allegedly had sustained in an automobile accident; the wife joined the husband's suit, seeking recovery for loss of consortium. Near, but prior to, the conclusion of the divorce proceedings, Mr. Webb obtained the wife's waiver of her claim for loss of consortium based upon representations that the BOE case likely would not result in a recovery; shortly thereafter, and after the wife had been dismissed from the civil suit, the husband reached a confidential settlement with the BOE, which was not disclosed to the wife. The family court then held proceedings regarding the division of the parties' property incident to their divorce, and the wife testified that she waived any claim she may have to proceeds of the husband's BOE civil suit. On July 10, 2018, the family court entered its final divorce order equitably distributing the parties' property, which did not include the husband's BOE settlement proceeds. This order was not appealed by either party.

The wife then obtained counsel, who opined that the husband's attorney had a conflict of interest in representing the husband in the divorce proceedings because he previously had represented both the husband and the wife in the husband's BOE civil suit.

2

The wife's counsel also alleged that such conflict was evident in Mr. Webb's, and the husband's, efforts in obtaining the wife's waiver of her claim and dismissal from the husband's civil suit and their failure to inform the wife of the confidential settlement of the BOE suit prior to the final equitable distribution of the parties' property in the divorce proceedings. Accordingly, on September 17, 2019, the wife, by counsel, filed a motion to disqualify the husband's attorney from representing him in the divorce proceedings.[2]

On December 9, 2019, the day before the disqualification motion was scheduled to be heard by the family court, the husband filed the underlying petition for writ of prohibition in the Circuit Court of Kanawha County seeking to prevent the family court from hearing or ruling on the motion based upon his claim that the family court lacked the jurisdictional authority to decide matters pertaining to the disqualification of attorneys. The circuit court denied the requested writ of prohibition by order entered January 21, 2020. In its order, the circuit court ruled that "the [f]amily [c]ourt has jurisdiction to hold a hearing, hear evidence[,] and make a determination as to whether to grant or deny Wife's Motion to Disqualify Husband's Counsel[.]" The husband now appeals to this Court.

---

[2]By counsel, the wife also filed a motion to modify the family court's final divorce order equitably distributing the parties' property.

3

## II.

## STANDARD OF REVIEW

Procedurally, the present matter is before this Court on appeal from the circuit court's order denying the husband's petition for a writ of prohibition seeking to prevent the family court from ruling upon the wife's motion to disqualify his attorney. We previously have held that the proper method by which to challenge a disqualification ruling is through a petition for writ of prohibition: "A party aggrieved by a lower court's decision on a motion to disqualify an attorney may properly challenge the lower court's decision by way of a petition for writ of prohibition." Syl. pt. 1, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 697 S.E.2d 740 (2010). Moreover, we further have explained that

> [p]rohibition is a preventive remedy. One seeking relief by prohibition in a proper case is not required, as a prerequisite to his right to resort to such remedy, to wait until the inferior court or tribunal has determined the question of its jurisdiction, or to wait until the inferior court or tribunal has taken final action in the matter in which it is proceeding or about to proceed.

Syl. pt. 5, *State ex rel. City of Huntington v. Lombardo*, 149 W. Va. 671, 143 S.E.2d 535 (1965). Therefore, pursuant to our holding in *Lombardo*, the husband's petition for a writ of prohibition challenging the family court's jurisdiction to rule on the wife's disqualification motion *before* the family court had acted upon it, or issued a final ruling as contemplated by *Bluestone*, was properly filed with the circuit court at this juncture to determine the family court's jurisdiction to act in the first instance. *See* Syl. pt. 4,

4

*Lombardo*, 149 W. Va. 671, 143 S.E.2d 535 ("Where an inferior court or tribunal lacks jurisdiction to take any valid action or to enter any valid judgment or finding in relation to which it is proceeding or is about to proceed, prohibition is a proper procedure to prevent such inferior court or tribunal from proceeding in such circumstances, notwithstanding the existence of remedies other than prohibition, such as writ of error, appeal or certiorari.").

When considering whether to grant a writ of prohibition, a court is obliged to abide by the following standards. First, "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers." Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977). *Accord* Syl. pt. 1, *Fahey v. Brennan*, 136 W. Va. 666, 68 S.E.2d 1 (1951) ("A writ of prohibition does not lie in the absence of a clear showing that a trial court is without jurisdiction to hear and determine a proceeding, or, having such jurisdiction, has exceeded its legitimate power."). Moreover, "'[w]hen a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies.' Syl. Pt. 10, *Jennings v. McDougle*, 83 W. Va. 186, 98 S.E. 162 (1919)." Syl. pt. 2, *State ex rel. Farber v. Mazzone*, 213 W. Va. 661, 584 S.E.2d 517 (2003).

Furthermore, where, as here, the circuit court has denied a petition for writ of prohibition and that decision is then appealed to this Court, we conduct a plenary review. In this regard we have held that "[t]he standard of appellate review of a circuit court's

5

refusal to grant relief through an extraordinary writ of prohibition is *de novo*." Syl. pt. 1, *State ex rel. Callahan v. Santucci*, 210 W. Va. 483, 557 S.E.2d 890 (2001).

Finally, to the extent our consideration of this matter requires us to interpret the governing statutory law establishing the scope of the family court's jurisdiction, we also consider these questions anew. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). *Accord* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."). Guided by these standards, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

Based on the posture of this case before the Court, we are limited to deciding whether the family court may hold a hearing on and decide the wife's motion to disqualify the husband's counsel; because no ruling has yet been issued on the merits of the disqualification motion, itself, that matter is not presently before the Court.[3]

---

[3]To the extent the husband also assigns error to the timeliness of the wife's motion to modify the parties' final divorce order, we find that issue also is not properly before the Court because the circuit court did not decide that matter in the order on appeal.

On appeal to this Court, the husband argues that the circuit court erred by denying his petition for writ of prohibition because "[a] family court is a court of limited jurisdiction," W. Va. Code § 51-2A-2(e) (eff. 2018), and, as such, the family court does not have the authority to decide attorney disqualification motions because such power is not within the enumerated list of the family court's express powers. *See generally* Syl. pt. 2, *State ex rel. Silver v. Wilkes*, 213 W. Va. 692, 584 S.E.2d 548 (2003) ("'A family court is a court of limited jurisdiction. A family court is a court of record only for the purpose of exercising jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized in this section and in chapter forty-eight [§§ 48-1-101 et seq.] of this code.' W. Va. Code § 51-2A-2(d) (2001), in part."). Thus, the husband argues that the jurisdiction of family courts is limited solely to the family law matters designated by the Legislature to be within the purview of family courts. *See* Syl. pt. 5, in part, *Lindsie D.L. v. Richard W.S.*, 214 W. Va. 750, 591 S.E.2d 308 (2003) ("The jurisdiction of family courts is limited to only those matters specifically authorized by the Legislature, while circuit courts have original and general jurisdiction and other powers as set forth in Article VIII, § 6 of the Constitution of West Virginia."). As such, he argues that the circuit court erred by finding that the jurisdiction of the family courts extends to the consideration of disqualification motions.

By contrast, the wife argues that the circuit court correctly found that the family court could hear her motion to disqualify the husband's counsel. In this regard the wife contends that the family court has inherent authority to hear a motion to disqualify an

attorney who is appearing before that court as part of its duty to "afford litigants an impartial forum where their complaints and defenses may be presented, heard[,] and decided with fairness." Brief of Family Court Respondent, Evelyn W[.] at 18 (citing *Garlow v. Zakaib*, 186 W. Va. 457, 413 S.E.2d 112 (1991)). The wife additionally asserts that such authority also is derived from the statutes endowing family courts with jurisdiction over administrative and judicial functions as well as the ability to discipline attorneys appearing before them. *See generally* W. Va. Code § 51-2A-7 (eff. 2013). Finally, the wife argues that the recognition of such authority is necessary to permit family courts to fulfill their statutory duties with "judicial economy and efficiency." Brief of Respondent at 21. We agree that a family court's jurisdiction includes deciding motions to disqualify an attorney appearing before that tribunal when necessary to prevent a miscarriage of justice.

The circuit court correctly denied the husband's petition for writ of prohibition seeking to prevent the family court from entertaining the wife's disqualification motion because the statutory authority granted to family courts to manage their own dockets clearly encompasses making decisions regarding the qualification of attorneys appearing before such courts. Pursuant to West Virginia Code section 51-2A-7(a), "the family court judge has the authority to: (1) [m]anage the business before them; . . . (5) [d]iscipline attorneys; [and] (6) [p]revent abuse of process[.]" Moreover, "[t]he family court judge has responsibility for the supervision and administration of the family court . . . ." W. Va. Code § 51-2A-7(b).

With respect to the matter of attorney disqualifications, specifically, we previously have held that

> [a] circuit court, upon motion of a party, by its inherent power to do what is reasonably necessary for the administration of justice, may disqualify a lawyer from a case because the lawyer's representation in the case presents a conflict of interest where the conflict is such as clearly to call in question the fair or efficient administration of justice. . . .

Syl. pt. 1, in part, *Garlow v. Zakaib*, 186 W. Va. 457, 413 S.E.2d 112 (1991). *Accord Bluestone*, 226 W. Va. at 157, 697 S.E.2d at 749 (recognizing "the inherent authority courts possess to maintain the integrity of the judicial process which may, in certain circumstances, necessitate the disqualification of counsel"). Accordingly, we have determined in our prior cases addressing attorney disqualification that part of a court's inherent authority to manage judicial proceedings includes making decisions regarding whether an attorney should be disqualified from representing a client in matters before that court. Insofar as a family court has the authority to "[m]anage the business before [it],"

W. Va. Code § 51-2A-7(a)(1), a family court, also, has the authority to rule upon attorney disqualification motions as part of the management of its business, which would include the administration of justice in matters over which the family courts have been granted jurisdiction, such as the underlying divorce proceeding. *See generally* W. Va. Code §§ 51-2A-2(e) & (a)(1, 15) (recognizing that "[a] family court is a court of limited jurisdiction" and stating that "[t]he family court shall exercise jurisdiction over the following matters," which include "actions for divorce" and "[a]ll proceedings for property distribution" brought under the domestic relations statutes).

Furthermore, a family court also has the authority to discipline attorneys appearing before it. W. Va. Code § 51-2A-7(a)(5). Given that a conflict of interest may serve not only as the basis for a disqualification motion but also may result in the institution of lawyer disciplinary proceedings based upon the provision of representation to a client during the existence of such conflict,[4] a family court's authority necessarily also includes deciding whether a disqualifying conflict of interest exists when presented with a disqualification motion as well as whether a disciplinary referral based upon such conflict is warranted. In light of these authorities, we therefore hold that, upon motion of a party, a family court, by its express authority under West Virginia Code section 51-2A-7(a) (eff. 2013), may disqualify a lawyer from a case because the lawyer's representation in the case presents a conflict of interest where the conflict is such as to clearly call in question the fair or efficient administration of justice.[5]

---

[4]*See* Syl. pt. 3, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 697 S.E.2d 740 (2010) ("'Under the *Code of Professional Responsibility*, a lawyer may be disqualified from participating in a pending case if his continued representation would give rise to an apparent conflict of interest or appearance of impropriety based upon that lawyer's confidential relationship with an opposing party.' Syllabus point 2, *State ex rel. Taylor Associates v. Nuzum*, 175 W. Va. 19, 330 S.E.2d 677 (1985).").

[5]Should the family court decide the wife's disqualification motion that is currently pending before it, the admonitions of this Court should be heeded to ensure an appropriate record of such proceedings is made to facilitate review of such decision, if such a review is requested. *See* Syl. pt. 5, *Garlow v. Zakaib*, 186 W. Va. 457, 413 S.E.2d 112 (1991) ("Before a circuit court disqualifies a lawyer in a case because the lawyer's representation may conflict with the Rules of Professional Conduct, a record must be made so that the circuit court may determine whether disqualification is proper. Furthermore, this Court will not review a circuit court's order disqualifying a lawyer unless the circuit court's order is based upon an adequately developed record. In the alternative, if the circuit court's order disqualifying a lawyer is based upon an inadequately developed record, this

Because the family court has the jurisdictional authority to hear and rule upon the wife's disqualification motion, we find that the circuit court correctly denied the husband's petition for writ of prohibition seeking to prevent the family court from hearing or deciding said motion. Accordingly, the circuit court's ruling is hereby affirmed.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the Circuit Court of Kanawha County's January 21, 2020 order, which denied the husband's petition for writ of prohibition, because the Family Court of Kanawha County has jurisdiction to consider motions to disqualify an attorney who is appearing in a case before that court.

Affirmed.

---

Court, under appropriate circumstances, may remand a case to the circuit court for development of an adequate record.").