IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2016 Term

_____

No. 15-0708

_____

IN RE: S.H.

**FILED**

**June 16, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Appeal from the Circuit Court of Wayne County
The Honorable Darrell Pratt, Judge
Civil Action No. 14-JA-72

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED WITH DIRECTIONS

_____

Submitted: January 12, 2016
Filed: June 16, 2016

A. Courtenay Craig, Esq.
Craig Law Office
Huntington, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
S. L. Evans, Esq.
Assistant Attorney General
Counsel for Respondent DHHR

David R. Tyson, Esq.
Tyson & Tyson
Huntington, West Virginia
Counsel for Intervenors K.W. and  C.W.

Alison R. Gerlach, Esq.
Wayne, West Virginia
Guardian ad litem for S.H.

JUSTICE BENJAMIN delivered the Opinion of the Court.
JUSTICE WORKMAN concurs and reserves the right to file a concurring opinion.
JUSTICE LOUGHRY concurs, in part, dissents, in part, and reserves the right to file a separate opinion.

SYLLABUS BY THE COURT

1.      "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review."  Syl. pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

2.      "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety."  Syl. pt. 1, *In rse Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996).

Benjamin, Justice:

This appeal arises from abuse and neglect proceedings involving four-year-old S.H., and her maternal grandmother and guardian, petitioner, M.C.[1] Below, S.H. was adjudicated to have been neglected by M.C. M.C. was granted an improvement period, but the improvement period was abruptly terminated by the court's order, and M.C.'s guardianship of S.H. was subsequently terminated. Upon our review, we find no error in the conclusion that S.H. was a neglected child and we affirm that determination; however, we conclude that the termination of M.C.'s improvement period was erroneous, and we reverse that decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

S.H. was born in November, 2011, to mother N.H. and father B.H. S.H. was born addicted to methadone and marijuana. Shortly after her birth, an abuse and neglect petition was filed on behalf of S.H. in the Circuit Court of Wayne County. At the conclusion of that case, S.H.'s parents relinquished their custodial rights to S.H., and her maternal grandmother, M.C., was declared her legal guardian.

---

[1] Because this case involves sensitive facts, we protect the identities of those involved by using only the parties' initials. *See State ex rel. W. Va. Dep't of Human Servs. v. Cheryl M.*, 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987); *see also* W. Va. R. App. P. 40.

In 2014, the mother, N.H., was arrested for felony third-offense shoplifting. She entered a guilty plea and was placed on home confinement in M.C.'s home, in which she and S.H. resided. As part of her home confinement, N.H. was subject to terms and conditions, including the possibility of random home visits by supervising authorities. On August 21, 2014, a home confinement officer made such a visit, during which he found nearly two pounds of marijuana hidden in the closet in N.H.'s bedroom. M.C. and N.H. initially denied any knowledge of how the marijuana came to be in the closet. S.H. was not present during the search of the home, as she was visiting the home of the intervenors, C.W. and K.W., who were M.C.'s neighbors. Both M.C. and N.H. were charged with possession of marijuana.

For a one-week period following M.C. and N.H.'s arrests, S.H. stayed with C.W. and K.W. while Child Protective Services ("CPS") investigated the situation. S.H. was returned to the home of her grandmother on August 28, 2014. On September 10, 2014, the Department of Health and Human Resources ("Department") filed an abuse and neglect petition naming M.C., N.H., and B.H. as respondents. S.H. was removed from M.C.'s home and placed in the custody of C.W. and K.W.

The court held an adjudicatory hearing on October 31, 2014, at which time S.H. was found to be a neglected child because M.C. allowed marijuana to be in the home

she shared with the child.[2]  M.C. moved for a post-adjudicatory improvement period pursuant to W. Va. Code § 49-4-2 (2015).  Neither the Department nor S.H.'s guardian ad litem objected to an improvement period and the motion was granted.  By order entered December 4, 2014, M.C. was placed on an improvement period, with supervised visitation.[3]  The family case plan prepared by the Department for M.C.'s improvement period required M.C. to continue to abstain from illegal drugs and to provide a safe, drug-free home for the child.  Additionally, the family case plan required M.C. to undergo random drug screens to detect the use of illegal or illicit drugs.  M.C. was also required to participate in parent education and such other services as deemed necessary.

Shortly after the adjudicatory hearing, M.C. was indicted by the grand jury on a felony charge of possessing marijuana with the intent to deliver.  *See* W. Va. Code § 60A-4-401 (2011).  M.C. entered into a plea agreement with the State whereby she entered a guilty plea to one count of misdemeanor possession of greater than fifteen

---

[2]  The father, B.H., was found to have neglected S.H. by not exercising his parental responsibilities, by being incarcerated, by not supporting his daughter, by not developing a relationship with the child, and by questioning the paternity of S.H.  The mother was found to have neglected S.H. because of her substance abuse and her inability to care for the child because of incarceration.  Both parents' parental rights have been terminated.

[3]  M.C. had previously been receiving unsupervised overnight visitation in her home with the child. The court altered this visitation, by requiring it to be supervised, in light of M.C.'s recent indictment on a felony drug charges.

3

grams of marijuana on February 20, 2015.[4]  She was sentenced to ninety days in jail, but her jail sentence was suspended and M.C. was placed on probation for two years.

M.C.'s improvement period was reviewed on February 20, 2015.[5]  At the hearing, the Department reported to the court that M.C. continued to work with her parent educator and was actively participating in those services, with no absences.  M.C. had attended all her visitations with the child and the Department stated that it had no concerns with these visitations.  S.H. and M.C. interacted well and appeared to have a loving and appropriate relationship.  The Department also told the court that all thirty-five of M.C.'s drug screens were negative for the presence of illegal or illicit drugs.  In addition, the court was told that M.C.'s home was properly and adequately maintained and furnished.  In all respects, M.C. was in full compliance with all the terms and conditions of her improvement period as well as any requests of service providers.

The Department's proposed plan for S.H. involved returning her to the home of M.C. for continuation of an in-home improvement period.   The proposal permitted M.C. to have physical custody of S.H. while the Department retained legal custody of S.H.  Services would continue to the home.  In addition, the Department

---

[4] M.C. claimed that she had used marijuana to relieve lingering pain she experienced after an accident.

[5] M.C.'s criminal proceeding was before a different judge than the judge handling the instant abuse and neglect proceeding.

4

recommended that S.H. regularly visit with C.W. and K.W., inasmuch as they and the child had a strong bond. S.H.'s guardian ad litem agreed with the recommendation of the Department to return the child to M.C. as part of the continued improvement period.

The court found that M.C. had "been substantially compliant with the terms and conditions of her improvement period." However, the court determined that M.C. had not corrected the circumstances that led to the filing of the petition and that it was not in the child's best interests to be returned to M.C.'s home. Without a motion being filed by any party, the court terminated M.C.'s improvement period. S.H. has since resided in the home of C.W. and K.W., with the Department having legal custody of the child.[6]

On April 7, 2015, M.C. filed a motion pursuant to Rule 60(b) of the *West Virginia Rules of Civil Procedure*, seeking relief from the termination of the improvement period. After a hearing was held, the motion was denied by order entered April 16, 2015.

On June 5, 2015, the circuit court held a dispositional hearing. The court decided that M.C. had failed to provide a safe and stable home for the child and that there

---

[6] While the order terminating M.C.'s improvement period likewise terminated her visitation, on September 14, 2015, this Court directed the circuit court to enter an order reinstating M.C.'s supervised visitation with the child pending this appeal. The circuit court entered the order reinstating visitation on November 24, 2015.

was no likelihood that M.C. could correct the circumstances of neglect in the reasonably foreseeable future. The court found that it was contrary to the welfare of S.H. to be returned to M.C.'s home, citing unsafe conditions in the home and M.C.'s failure to protect the child. The court concluded that it was in S.H.'s best interests to terminate the legal guardianship of M.C. over S.H.

## II.  STANDARD OF REVIEW

This Court has held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

Specifically with regard to abuse and neglect cases, this Court has held:

> [a]lthough conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. pt. 1, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). With these standards in mind, we now turn to the issues before us.

## III. ANALYSIS

The petitioner in this matter first asserts that the adjudication of S.H. as a neglected child was unsupported by the facts. The circuit court based this finding upon the presence of over two pounds of marijuana, of which M.C. admitted ownership and use of, in the home in which S.H. lived. The circuit court found that M.C. had permitted marijuana to be in her home and that the marijuana was accessible to S.H.

A circuit court's finding of neglect will not be set aside unless it is clearly erroneous. As we stated in syllabus point 1 of *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177, "[a] finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

W. Va. Code § 49-1-201 (2015) defines a neglected child as one

> (A) Whose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian; or

7

(B) Who is presently without necessary food, clothing, shelter, medical care, education or supervision because of the disappearance or absence of the child's parent or custodian.

Upon a review of the record and the transcript of the adjudicatory hearing, we do not find the circuit court's determination of neglect to be clearly erroneous. While S.H. appeared to have had adequate food and clothing, the presence of marijuana in the home posed a present danger for neglect. Although M.C. entered a plea of guilty to a misdemeanor for possession of the marijuana, the State could have sought a felony conviction carrying a potential prison sentence. M.C. could have been detained in jail pending resolution of these criminal charges.

This Court has upheld findings of neglect and the termination of parental rights because of the exposure to illegal drug abuse by adults in the home. In *In re J.W.*, No. 11-0774, 2012 WL 2948562, at *5 (W. Va. March 12, 2012) (memorandum decision), this Court affirmed the finding of abuse and neglect (and ultimate termination of parental rights) based in part upon the presence of capped and uncapped hypodermic needles in the home, the operation or attempted operation of a methamphetamine laboratory, all of which created a risk of imminent danger to the children. In the case of *In re D.H.*, No. 15-0686, 2015 WL 7628730, at *1 (W. Va. November 23, 2015) (memorandum decision), this Court upheld the adjudication of two children as abused and neglected based in part upon the findings that the mother was in possession of several precursors to the manufacture of methamphetamine, various pharmaceuticals, scales,

8

marijuana paraphernalia and evidence of an inactive and active methamphetamine laboratory. Some of these items were found in the master bedroom. In the case of *In re Aaron Thomas M.*, 212 W. Va. 604, 575 S.E.2d 214 (2002), the circuit court's finding that the continued use of marijuana in a child's presence constituted abuse was affirmed, wherein we stated, "We believe that the circuit court was not clearly erroneous in finding the children were emotionally abused by [the mother's] repeated drug use in their presence." *Id.* at 609, 575 S.E.2d at 219. In view of our case-law relating to findings of neglect, and there being a more than adequate factual basis to support the circuit court's neglect finding, we affirm that portion of the court's order.

We next turn to M.C.'s contention that the circuit court was clearly wrong by terminating her improvement period. If the court erred in terminating the improvement period, the dispositional order terminating M.C.'s guardianship would likewise be in error.

W. Va. Code § 49-4-610 (2015) details the imposition of improvement periods in abuse and neglect cases. It also describes the duties and responsibilities of all parties to the proceedings, including the role of the Department in providing services to the parents and children during the improvement period, as well as monitoring the progress of the participants.

Prior to granting a post-adjudicatory improvement period the party seeking the improvement period must file a written motion with the court. That party bears the burden of demonstrating to the court by clear and convincing evidence that he or she "is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). In this case, M.C. complied with these requirements and, before the improvement period was granted, the court made a finding that M.C. was likely to fully participate in the improvement period.

At the first review of M.C.'s improvement period, the circuit court found that M.C. had been in substantial compliance with the terms and conditions of her improvement period. The record supports this finding. M.C. fully participated in the improvement period. She remained drug-free, as shown by the many drug screens undertaken to show the presence of illegal or illicit drugs. She maintained a fit and proper home for S.H. and N.H. no longer resides in the home. She complied with all requests of the Department. Both the Department and S.H.'s guardian ad litem agreed with the proposal to return S.H. to her grandmother's custody for continuation of an in-home improvement period.

Despite M.C.'s complete compliance with the terms of her improvement period, the court, of its own volition, determined that M.C. could not correct the

circumstances of neglect that led to the filing of the abuse and neglect petition.[7] The court's June 15, 2015, order terminating M.C.'s guardianship of S.H. said, "[t]here is no reasonable likelihood the grandmother, [M.C.], can correct the circumstances of neglect in the reasonably foreseeable future." Upon our review, we find that this conclusion is wholly unsupported by the court's findings of fact. Therefore, the termination of M.C.'s improvement period and guardianship constitutes an abuse of discretion.[8] We, therefore,

---

[7] With respect to a party seeking to terminate an improvement period, W. Va. Code § 49-4-610(7) states

> **Termination of improvement period.** — Upon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that respondent has failed to fully participate in the terms of the improvement period or has satisfied the terms of the improvement period to correct any behavior alleged in the petition or amended petition to make his or her child unsafe.

Here, the court acted *sua sponte*, not upon the motion of a party.

[8] Our holding today should not be interpreted to suggest that a circuit court lacks the discretion to terminate an improvement period when a parent or guardian shows substantial compliance with its terms and conditions. This Court has recognized that "it is possible for an individual to show compliance with specifics aspects of the case plan while failing to improve the overall attitude and approach to parenting." *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (internal quotation marks, alteration, and ellipsis omitted). Moreover, "[t]he assessment of the overall success of the improvement period lies within the discretion of the circuit court regardless of whether the individual has completed all suggestions or goals set forth in family case plans." *Id.* (internal quotation marks omitted); *see also* syl. pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014) ("In making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child.").

11

reverse that portion of the circuit court's ruling which terminated M.C.'s guardianship, and remand this matter for reinstatement of M.C.'s improvement period.

## IV. CONCLUSION

We find no error in the circuit court's adjudication of S.H. as a neglected child based upon M.C.'s use and possession of marijuana in the home of S.H. However, because M.C. was in full compliance with the terms and conditions of her improvement period, the termination of M.C.'s improvement period and guardianship constituted an abuse of discretion. We reverse the June 5, 2015, order terminating M.C.'s guardianship of S.H. and the circuit court's order terminating M.C.'s improvement period. We remand this case for entry of an order continuing this improvement period and for implementation of specific visitation by and between S.H. and C.W. and K.W., if the improvement period includes the Department's and the guardian ad litem's proposal to gradually transition S.H. to the home of her grandmother. The mandate of this Court shall issue forthwith.

Affirmed in part, reversed in part, and remanded with directions.