# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**October 9, 2020**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* A.D., G.D., and E.D.

No. 19-1042 (Taylor County 18-JA-123, 18-JA-124, and 19-JA-62)

# MEMORANDUM DECISION

Petitioner Grandmother A.K.,[1] by counsel LaVerne Sweeney, appeals the Circuit Court of Taylor County's October 8, 2019 order denying her motion to intervene. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Mary S. Nelson, filed a response on behalf of the children in support of the circuit court's order. On appeal, Petitioner Grandmother argues that the circuit court erred when it denied her motion to intervene.

This Court has considered the parties' briefs, their oral arguments, and the record on appeal. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On or about October 23, 2018, the DHHR filed an abuse and neglect petition in the Circuit Court of Taylor County against the biological parents of two minor children, A.D. and G.D. The petition alleged that the mother and father abused and neglected the children due to their habitual drug abuse. The petition also alleged that the children were frequently left with a myriad of individuals for weeks at a time. According to Petitioner Grandmother, in addition to not being properly educated, fed, or clothed, the children were also exposed to drugs and were allowed to smoke a marijuana "vape pen."

At an adjudicatory hearing on December 18, 2018, the parents both stipulated to the allegations contained in the petition and moved for improvement periods. In its March 1, 2019 order, the circuit court adjudicated the parents as abusive and neglectful, denied their requests for improvement periods, and terminated their parental rights to A.D. and G.D.

---

[1] In cases involving sensitive facts, we refer to the parties by their initials rather than their full names. *See, e.g.*, *In re I.M.K.*, 240 W. Va. 679, 682 n.1, 815 S.E.2d 490, 493 n.1 (2018); *In re S.H.*, 237 W. Va. 626, 628 n.1, 789 S.E.2d 163, 165 n.1 (2016). *See also* W. Va. R. App. P. 40(e) (restricting use of personal identifiers in cases involving children).

1

Then, on June 21, 2019, another abuse and neglect petition was filed against the parents pertaining to E.D., a child born after the involuntary termination of the parental rights to A.D. and G.D. Mother voluntarily relinquished her parental rights to E.D. at the preliminary hearing on July 1, 2019. Father was later adjudicated as abusive and neglectful and his parental rights to E.D. were terminated on October 14, 2019.

On October 8, 2019, Petitioner Grandmother filed a motion to intervene with the circuit court. In support of her motion, she stated that she was the children's paternal grandmother; that she provided G.D. with clothing, toys, food, and shelter; that she provided care for both children from approximately October 2010 to June 2016; that she is free from alcohol and drug use; and that she attends church services regularly.

The circuit court denied Petitioner Grandmother's motion to intervene finding that she had no standing in this matter. Further, the circuit court noted that "the MDT [multidisciplinary team] may review the matter to determine if the grandmother has evidence to present to the Court which would further the best interests of the subject children." Finally, the circuit court determined that, "if appropriate, the Department may investigate whether the [paternal] grandmother may be an appropriate future placement for the purpose of concurrent planning. The MDT may also investigate whether visitation with the paternal grandmother is in the children's best interests."

On appeal, Petitioner Grandmother puts forth four assignments of error; however, her argument is more properly stated as an allegation that the circuit court erred in denying her motion to intervene below. In support of her four assignments of error, Petitioner Grandmother provides a scant argument section containing three cursory sentences with no legal analysis or application of law to the specific facts in her case.

Both the DHHR and the Guardian ad Litem filed briefs in support of the circuit court's order denying the motion to intervene.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

2

Syl. pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, this Court declines to address Petitioner Grandmother's assignments of error for failure to comply with the applicable rules governing appellate briefs to this Court.

While Petitioner Grandmother generally raises four assignments of error, she fails to argue or adequately brief the issues in this appeal. "In the absence of supporting authority, we decline further to review [these] alleged error[s] because [they] have not been adequately briefed." *State v. Allen*, 208 W. Va. 144, 162, 539 S.E.2d 87, 105 (1999). As this Court stated in *State, Department of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995), "'[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.'" (*Quoting United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)). Furthermore, this Court has adhered to the rule that "[a]lthough we liberally construe briefs in determining issues presented for review, issues [that are] mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). *Accord State v. Adkins*, 209 W. Va. 212, 216 n.5, 544 S.E.2d 914, 918 n.5 (2001); *State v. Easton*, 203 W. Va. 631, 642 n.19, 510 S.E.2d 465, 476 n.19 (1998); *Ohio Cellular RSA Ltd. P'ship v. Bd. of Pub. Works of W. Va.*, 198 W. Va. 416, 424 n.11, 481 S.E.2d 722, 730 n.11 (1996) (refusing to address issue on appeal that had not been adequately briefed); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (noting that "appellate courts frequently refuse to address issues that appellants . . . fail to develop in their brief.").

In particular, Petitioner Grandmother's argument on appeal consists of a meager three sentences that lacks citation to the record, lacks legal analysis, and does not cite authorities.[2] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and *law presented,* the standard of review applicable, and *citing the authorities relied on* . . . [and] must contain *appropriate and specific citations* to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added).

Additionally, in an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, Chief Justice Menis E. Ketchum specifically stated that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and

---

[2] Although the third sentence of the argument section lists two West Virginia cases, the cases are not discussed or analyzed. Rather, the cases are merely listed as cases that *may* support Petitioner's arguments. It should also be noted that the Petitioner did not add any legal support or basis to her assignments of error during oral argument.

3

do not 'contain appropriate and specific citations to the . . . record on appeal . . . ' as required by [R]ule 10(c)(7)" are not in compliance with this Court's rules.

Here, Petitioner Grandmother's brief is inadequate as it fails to comply with both the West Virginia Rules of Appellate Procedure and this Court's administrative order. Thus, we decline to address the assignments of error in the case sub judice as they were not properly developed on appeal.

For the foregoing reasons, the circuit court's October 18, 2019 order denying Petitioner Grandmother's motion to intervene is hereby affirmed.

Affirmed.

**ISSUED**: October 9, 2020

**CONCURRED IN BY**:
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4