FILED

**April 12, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.B.**

**No. 21-0277** (Fayette County 19-JA-171)

**MEMORANDUM DECISION**

The petitioner mother S.L., by counsel Kevin P. Davis, appeals from the Circuit Court of Fayette County's December 28, 2020, order terminating her parental rights to K.B.[1]  The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey, Katherine A. Campbell, and Lindsay S. See responded in support of the circuit court's order and filed a supplemental appendix.  The child's guardian ad litem ("GAL"), Vickie L. Hylton, filed a response on the child's behalf also in support of the circuit court's order terminating the mother's parental rights.  On appeal to this Court, the mother argues that the circuit court erred by terminating her parental rights instead of imposing a less restrictive dispositional alternative.

The Court has considered the parties' briefs, oral arguments, and the appendix record. Upon review of the Rules of Appellate Procedure and in consideration of the applicable law, we conclude that the instant matter is not appropriate for determination on the merits because the appeal has been improvidently granted.  We further find that disposition of this matter by way of memorandum decision is appropriate in this case in accordance with Rule 21 of the Rules of Appellate Procedure to explain the reasons for our ruling.

This case originated as a family court proceeding to establish custodial and visitation rights for the mother, S.L., in the Family Court of Fayette County, West Virginia.  The child, K.B., was born in early 2018, and lived most of her life with S.B., whose name appeared on the child's birth certificate as her father, while S.L. lived in New Jersey.  During the family court proceedings, the father tested positive for illicit substances, and the case was transferred to the Circuit Court of Fayette County following the institution of the underlying abuse and neglect proceedings.  In addition to the father's substance abuse issues, the mother also was documented as having an addiction to alcohol and had been investigated numerous times by the Child Protective Services ("CPS") equivalent in New Jersey.

The mother was represented by counsel throughout the abuse and neglect proceedings, first by private counsel she had retained to represent her in the initial family court case, then by

---

[1]In accordance with our practice in cases such as this involving sensitive facts, we refer to the parties by their initials only. *See* W. Va. R. App. P. 40(e) (restricting use of personal identifiers in cases involving children); *In re S.H.*, 237 W. Va. 626, 628 n.1, 789 S.E.2d 163, 165 n.1 (2016).

1

appointed counsel following the illness of her private counsel. Also throughout the abuse and neglect proceedings, the mother continued to reside in New Jersey. During the case's pendency, she appeared for some hearings and multidisciplinary treatment team ("MDT") meetings in person; she appeared for some hearings and MDT meetings by telephone or video means when such meetings were held in those remote formats; and she missed several other in-person and telephonic/video proceedings, at times being described as "whereabouts unknown" when she failed to maintain contact with her CPS caseworker and her attorney. Ultimately, the circuit court adjudicated the mother and terminated her parental rights. Termination was based primarily on the mother's failure to address, remedy, or correct the conditions of abuse and neglect that led to the petition's filing despite the mother's assurances that she would seek treatment and services, including drug treatment and screening services, in New Jersey so that West Virginia CPS could coordinate the provision of services while she resided out of state. The mother also continued to live in New Jersey throughout the entirety of the abuse and neglect case despite her representations earlier in the proceedings that she intended to relocate to West Virginia. Finally, the mother had not visited with the child in over a year due, in large part, to the mother's failure to submit two clean drug screens, and the best interests of the child required termination of the mother's parental rights because, among other factors, the level of bonding between the mother and the child appeared to be minimal given that the child had lived with S.B. for the majority of her life from birth until the institution of the abuse and neglect proceedings, and then with the foster parents from the commencement of the abuse and neglect case in October 2019 until the mother's dispositional hearing in December 2020. The circuit court entered its dispositional order terminating the mother's parental rights on December 28, 2020.[2]

Following the termination of the mother's parental rights at the dispositional hearing, the circuit court also relieved her counsel from further representation with the caveat that new counsel would be appointed for the mother for purposes of appeal. Ultimately, appellate counsel was appointed for the mother, and a motion for extension of the appeal period was granted by this Court. The mother perfected her appeal in accordance with this Court's scheduling order, response briefs were filed, and we requested supplemental briefing prior to hearing oral arguments in this case.

We employ the following standard of review in cases involving the abuse and/or neglect of children:

Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided

---

[2]The parental rights of S.B. also were terminated below. At the time of the termination of the parents' parental rights, the child's permanency plan was adoption by the child's current foster family, which adoption has since been finalized, as explained *infra*.

2

the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996).

Though explained somewhat simplistically above, the procedural posture of the case sub judice can best be described as the culmination of a tragic comedy of errors. Following the dispositional hearing, the dispositional order, entered December 28, 2020, informed the mother of her right to appeal, in its own, bold-faced and underlined, stand-alone section:

### NOTICE OF RIGHT TO APPEAL

**THE COURT'S DISPOSITION DECISION IN THIS ORDER IS SUBJECT TO IMMEDIATE APPEAL TO THE SUPREME COURT OF APPEALS OF WEST VIRGINIA. WRITTEN NOTICE OF INTENT TO APPEAL MUST BE FILED WITHIN THIRTY (30) DAYS FROM THE DATE OF ENTRY OF THIS ORDER. THE COURT FURTHER ADVISES THAT THE APPEAL MUST THEREAFTER BE PERFECTED WITHIN SIXTY (60) DAYS FROM THE DATE OF ENTRY OF THIS ORDER.**

(Emphases in original). These temporal limitations merely reiterate the filing deadlines for abuse and neglect appeals contained in Rule 11 of the West Virginia Rules of Appellate Procedure. Thus, the mother was required to file her notice of appeal from the circuit court's dispositional order by January 27, 2021, and to perfect her appeal by February 26, 2021. The mother did not comply with either of these deadlines, however, presumably because the circuit court did not appoint appellate counsel for the mother until February 9, 2021—after the notice of appeal period had expired but before the perfection of appeal period had elapsed.

Upon appellate counsel's appointment, he sought discovery and filed a motion in the circuit court requesting the circuit court to re-enter its dispositional order essentially to extend the time within which the mother could file her appeal to this Court. However, the circuit court refused said motion because it did not have the authority to re-enter its dispositional order, and, instead, the circuit court directed counsel to file the appropriate motion with this Court. The mother's appellate counsel filed a motion for enlargement of time with this Court on March 30, 2021, which we granted by order entered April 22, 2021.

In the meantime, while the mother's motion was pending before this Court, the foster parents' adoption of the child was finalized on April 5, 2021, despite the fact that the governing statutory law explicitly provides, in pertinent part, that "[n]o adoption of a child shall take place until all proceedings for termination of parental rights under this article and appeals thereof are final." W. Va. Code § 49-4-604(c)(6)(C).

It appears that the adoption proceedings nevertheless persisted, though, because none of the primary parties had notice of the legal proceedings the others were pursuing. The foster parents do not appear to have been granted intervenor status in the underlying abuse and neglect case, so they did not have notice of the mother's motion for enlargement of time within which to file her abuse and neglect appeal that was pending in this Court or that she previously had sought similar relief in the circuit court. *See* Syl. Pt. 4, in part, *State ex rel. C.H. v. Faircloth*, 240 W. Va. 729, 815 S.E.2d 540 (2018) ("Foster parents, pre-adoptive parents, or relative caregivers who occupy only their statutory role as individuals entitled to a meaningful opportunity to be heard pursuant to

West Virginia Code § 49-4-601(h) (2015) are subject to discretionary limitations on the level and type of participation as determined by the circuit court."). *But see* Syl. Pt. 4, in part, *Faircloth*, 240 W. Va. 729, 815 S.E.2d 540 ("Foster parents who have been granted the right to intervene are entitled to all the rights and responsibilities of any other party to the action."); Syl. Pt. 1, *In re Harley C.*, 203 W. Va. 594, 509 S.E.2d 875 (1998) ("Foster parents who are granted standing to intervene in abuse and neglect proceedings by the circuit court are parties to the action who have the right to appeal adverse circuit court decisions.").

Furthermore, the adoption proceedings were held in the Circuit Court of Mercer County, while the Circuit Court of Fayette County presided over the underlying abuse and neglect case, so it does not appear that the adoption court was aware that the mother had, in the abuse and neglect court, expressed her intention to file a late appeal. And, because the mother's parental rights had been terminated, she was not entitled to notice of the adoption proceedings. *See* W. Va. Code § 48-22-601(a)(1) (declaring exemption from adoption proceeding notice requirement as follows: "notice need not be served upon a person whose parental relationship to the child or whose status as a guardian has been terminated"). As such, no party informed this Court of the pendency and finalization of the adoption proceedings while we were considering the mother's motion for enlargement of time within which to appeal the circuit court's termination of her parental rights, and, therefore, we granted the mother permission to file her appeal beyond the customary appellate filing period after the child's adoption had been finalized because we had no knowledge that the adoption proceedings were ongoing during this time.

Also problematic to our consideration of the merits of the mother's appeal in the present context is our inability to grant the mother the relief she requests on appeal because of the finality of the child's adoption. Pursuant to West Virginia Code § 48-22-704, adoptions may be set aside in only extremely limited circumstances, none of which are present under the facts of this case.[3]

---

[3]West Virginia Code § 48-22-704 governs the finality of adoptions and challenges to adoption orders, providing as follows:

> (a) An order or decree of adoption is a final order for purposes of appeal to the Supreme Court of Appeals on the date when the order is entered. An order or decree of adoption for any other purpose is final upon the expiration of the time for filing an appeal when no appeal is filed or when an appeal is not timely filed, or upon the date of the denial or dismissal of any appeal which has been timely filed.

> (b) An order or decree of adoption may not be vacated, on any ground, if a petition to vacate the judgment is filed more than six months after the date the order is final.

> (c) If a challenge is brought within the six-month period by an individual who did not receive proper notice of the proceedings pursuant to the provisions of this article, the court shall deny the challenge, unless the individual proves by clear and convincing evidence that the decree or order is not in the best interest of the child.

> (d) A decree or order entered under this article may not be vacated or set aside upon application of a person who waived notice, or who was properly served

Moreover, given the mother's failure to request a stay of the underlying abuse and neglect proceedings, as well as any collateral matters, while her motion for enlargement of time was pending in this Court, it is not surprising that the case proceeded to its ultimate achievement of permanency for the child given our repeated admonition that "matters involving the abuse and neglect of children shall take precedence over almost every other matter with which a court deals on a daily basis, and it clearly reflects the goal that such proceedings must be resolved as expeditiously as possible." Syl. Pt. 5, in part, *In the Interest of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). *Accord* W. Va. Code § 49-4-601(j) ("Any petition filed and any proceeding held under this article [(pertaining to child abuse and neglect proceedings)] shall, to the extent practicable, be given priority over any other civil action before the court, except proceedings under § 48-27-309 of this code [(pertaining to domestic violence)] and actions in which trial is in progress[.]"); Syl. Pt. 1, in part, *Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 ("Child abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security.").

This is particularly so where, despite the late appointment of the mother's appellate counsel, her motion for enlargement of time nevertheless could have been filed before the expiration of the period within which her appeal was required to be perfected as contemplated by Rule 11(f) of the West Virginia Rules of Appellate Procedure, but this course of relief was not pursued, either. Instead, no motions regarding the mother's appeal from the circuit court's dispositional order were filed in this Court until more than thirty days after her appeal was required

with notice pursuant to this article and failed to respond or appear, file an answer or file a claim of paternity within the time allowed.

(e) A decree or order entered under this article may not be vacated or set aside upon application of a person alleging there is a failure to comply with an agreement for visitation or communication with the adopted child: Provided, That the court may hear a petition to enforce the agreement, in which case the court shall determine whether enforcement of the agreement would serve the best interests of the child. The court may, in its sole discretion, consider the position of a child of the age and maturity to express such position to the court.

(f) The Supreme Court of Appeals shall consider and issue rulings on any petition for appeal from an order or decree of adoption and petitions for appeal from any other order entered pursuant to the provisions of this article as expeditiously as possible. The circuit court shall consider and issue rulings on any petition filed to vacate an order or decree of adoption and any other pleadings or petitions filed in connection with any adoption proceeding as expeditiously as possible.

(g) When any minor has been adopted, he or she may, within one year after becoming of age, sign, seal and acknowledge before proper authority, in the county in which the order of adoption was made, a dissent from such adoption, and file such instrument of dissent in the office of the clerk of the circuit court which granted said adoption. The clerk of the county commission of such county and the circuit clerk shall record and index the same. The adoption shall be vacated upon the filing of such instrument of dissent.

to be perfected. Given the expediency with which we consider and dispose of abuse and neglect proceedings, parties should not expect appeal periods in such cases to persist ad infinitum when the aggrieved party has not complied with the appellate filing deadlines or corresponding motion periods clearly established by our appellate rules.

Accordingly, based upon the facts presently before us, we find that the mother's appeal from the circuit court's December 28, 2020, dispositional order has been improvidently granted, and we dismiss the same from the docket of this Court. *See* W. Va. R. App. P. 27 ("The Court may, on its own motion, send a notice to the parties of its intent to dismiss an action for failure to comply with the Rules of Appellate Procedure or for other just cause, and may thereafter dismiss the action if the interests of justice so require."); Syl. Pt. 1, *In the Matter of Lindsey C.*, 196 W. Va. 395, 473 S.E.2d 110 (1995) ("Any failure by litigants to observe carefully the requirements of our appellate rules is expressly disapproved; in appropriate circumstances an appeal may be dismissed by reason of a disregard of those rules.").

Appeal Dismissed as Improvidently Granted.

**ISSUED:** April 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment

6