IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2024 Term

_____

No. 23-488

_____

FILED

November 12, 2024

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Aaron W.,
Petitioner Below, Petitioner,

v.

Evelyn W.,
Respondent Below, Respondent.

_____

Appeal from the Intermediate Court of Appeals of West Virginia
No. 23-ICA-247

AFFIRMED
_____

Filed: November 12, 2024

Lonnie C. Simmons, Esq.
DiPiero Simmons McGinley &
Bastress, PLLC
Charleston, West Virginia
Attorney for the Petitioner

Lyne Ranson, Esq.
Lyne Ranson Law Offices, PLLC
Charleston, West Virginia
Attorney for the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      We apply a de novo standard of review to an order from the Intermediate Court of Appeals of West Virginia granting a motion to dismiss an appeal.

2.      "Where the issue on an appeal . . . is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus point 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

3.      "A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." Syllabus point 3, in part, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995).

4.      "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus point 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968).

5.      The Intermediate Court of Appeals of West Virginia has appellate jurisdiction over "[f]inal judgments or orders of a family court, entered after June 30,

2022[.]" W. Va. Code § 51-11-4(b)(2). However, "final judgments or final orders issued by a family court in any domestic violence proceeding pursuant to W. Va. Code § 48-27-1 *et seq.*" shall be first appealed to a circuit court. W. Va. Code § 51-11-4(b)(2).

6.     The Intermediate Court of Appeals of West Virginia generally does not have appellate jurisdiction over interlocutory appeals. W. Va. Code § 51-11-4(d)(8).

**BUNN, Justice:**

Petitioner Aaron W.[1] appeals the August 3, 2023 order of the Intermediate Court of Appeals of West Virginia ("ICA"), which granted Respondent Evelyn W.'s motion to dismiss Petitioner's appeal of a May 1, 2023 order of the Family Court of Kanawha County disqualifying Petitioner's attorney in the family court proceeding. The ICA concluded that the family court's order was interlocutory and that it did not have jurisdiction over interlocutory appeals. On appeal to this Court, Petitioner asks us to determine which appellate court has jurisdiction over his appeal of an interlocutory family court order. In addition, Petitioner requests that if we find that this Court has jurisdiction, that we directly address his contention that the family court erred in disqualifying his attorney. We agree with the ICA and affirm its dismissal of Petitioner's appeal of the family court's order. We further decline to address the merits of whether the family court erred below.[2]

---

[1] Due to the sensitive nature of the facts involved in this case, we refer to the parties by their last initials rather than their full last names. *See, e.g.*, W. Va. R. App. P. 40(e) (restricting use of personal identifiers in certain cases); *In re I.M.K.*, 240 W. Va. 679, 682 n.1, 815 S.E.2d 490, 493 n.1 (2018); *In re S.H.*, 237 W. Va. 626, 628 n.1, 789 S.E.2d 163, 165 n.1 (2016).

[2] Petitioner contends that oral argument "would benefit the Court by providing the opportunity to ask counsel questions regarding this unique set of facts and to make sure that all of the facts relevant to the legal ethics issue raised are appreciated fully." On the contrary, Respondent argues that oral argument is unnecessary because "the dispositive issues have been authoritatively decided, and the facts and legal arguments are adequately presented in the briefs and/or the record on [a]ppeal." Rule 21(a) of the West Virginia Rules of Appellate Procedure provides that "[a]t any time after a case is mature

# I.

## FACTUAL AND PROCEDURAL HISTORY

This case originated in December 2017 as a divorce proceeding between the parties. Attorney Charles Webb represented Petitioner, while Respondent represented herself. Contemporaneous to the divorce proceeding, Mr. Webb represented both Petitioner and Respondent in a personal injury civil action against the Kanawha County Board of Education.[3] On July 10, 2018, the family court entered its final divorce order equitably distributing the parties' property, which neither party appealed.

Following the final divorce order, Respondent obtained counsel and filed a motion to disqualify Mr. Webb from representing Petitioner in the divorce proceeding asserting that Mr. Webb had a conflict of interest in representing Petitioner in the divorce

---

for consideration, the . . . Supreme Court may issue a memorandum decision addressing the merits of the case." Furthermore, oral argument is not necessary when "the facts and legal arguments are adequately presented in the briefs and record on appeal, and the decisional process would not be significantly aided by oral argument." *See* W. Va. R. App. P. 18(a). We agree with Respondent that oral argument is unnecessary; however, we find this case is not appropriate for resolution by memorandum decision due to the need to clarify appellate jurisdiction over an interlocutory family court order. Consequently, "in these very limited circumstances involving a purely legal question addressing" the proper appellate jurisdiction of interlocutory orders, with adequately presented facts and legal arguments, "we exercise our discretion to issue a signed opinion without oral argument." *State v. Keefer*, 247 W. Va. 384, 387, 880 S.E.2d 106, 109 (2022).

[3] The parties dispute the extent of Mr. Webb's knowledge of and involvement in the personal injury suit. We make no determination in this opinion as to this issue.

proceeding because he represented both parties in the civil action.[4] While the motion to disqualify was pending, Petitioner filed a petition for writ of prohibition in the Circuit Court of Kanawha County seeking to prevent the family court from ruling on the motion. He argued that the family court lacked the jurisdictional authority to decide matters pertaining to the disqualification of attorneys. The circuit court denied the writ of prohibition. Petitioner then appealed the circuit court's ruling to this Court. We held that a family court has authority under West Virginia Code § 51-2A-7(a) to "disqualify a lawyer from a case because the lawyer's representation in the case presents a conflict of interest where the conflict is such as to clearly call in question the fair or efficient administration of justice." Syl. pt. 4, in part, *Aaron W. v. Montgomery*, 244 W. Va. 583, 855 S.E.2d 891 (2021). This Court affirmed the circuit court's denial of extraordinary relief. *Id.* at 589, 855 S.E.2d at 897.

On remand, the family court held a hearing on the disqualification issue, and by order filed on May 1, 2023, the family court disqualified Mr. Webb from representing Petitioner in the divorce proceeding, yet strongly encouraged the parties to settle the matter.[5] The family court's order included form language indicating that it was final and

---

[4] Respondent also filed a motion to modify the family court's July 10, 2018 final divorce order.

[5] The parties also represent that several motions remain pending in the family court in the underlying divorce proceeding, including a motion challenging the family court's jurisdiction to modify the final divorce order.

appealable. Petitioner then filed a notice of appeal with this Court stating that he was appealing a final order of the family court pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure.[6] This Court did not docket the appeal, and by notice dated June 7, 2023, we informed Petitioner that he should instead file his notice of appeal with the ICA. The notice allowed Petitioner ten days to correct the issue. That same day, Petitioner refiled his notice of appeal with the ICA. Respondent moved to dismiss the appeal, which the ICA ultimately granted. The ICA found that it lacked jurisdiction because the family court's order was interlocutory.[7] This appeal followed.

## II.

### STANDARD OF REVIEW

This appeal involves the ICA's dismissal of an appeal pursuant to Rule 31(a) of the West Virginia Rules of Appellate Procedure[8] for lack of an appealable order and jurisdiction.

---

[6] See note 11 below explaining that Rule 54(b) of the West Virginia Rules of Civil Procedure permits a court to direct entry of a final judgment "as to one or more but fewer than all" claims or parties when certain conditions are met.

[7] The ICA's order acknowledged this Court's June 7, 2023 notice and found that "this notice was not a definitive determination by the Supreme Court of Appeals on the question of the finality of the family court's order and [the ICA's] jurisdiction over this appeal, as this issue was not addressed in the notice."

[8] Rule 31(a) of the West Virginia Rules of Appellate Procedure allows a party to a pending appeal to move the respective appellate court to dismiss the appeal on any of

This Court has previously held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). We find that under the circumstances presented here, this same standard applies to our review of the ICA's order granting a motion to dismiss an appeal. Therefore, we now hold that we apply a de novo standard of review to an order from the Intermediate Court of Appeals of West Virginia granting a motion to dismiss an appeal. Similarly, because our consideration of this matter requires us to examine the statute establishing the scope of appellate jurisdiction, we also consider these questions de novo: "Where the issue on an appeal . . . is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

---

the following grounds: "(1) failure to properly perfect the appeal; (2) failure to obey an order of the Intermediate Court or the Supreme Court; (3) failure to comply with these rules; (4) lack of an appealable order, ruling, or judgment; or (5) lack of jurisdiction."

5

## DISCUSSION

Petitioner asks this Court to determine whether the ICA correctly dismissed his appeal for lack of jurisdiction.[9] We must first determine whether the family court's order is a final order, and we find that it is not. This Court has explained that, "[g]enerally, an order qualifies as a final order when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Guido v. Guido*, 202 W. Va. 198, 201, 503 S.E.2d 511, 514 (1998) (per curiam) (quotations and citation omitted). *Accord M.W. v. L.W.*, No. 14-0853, 2015 WL 3689104, at *2 (W. Va. June 15, 2015) (memorandum decision). "To be appealable, therefore, an order either must be a final order or an interlocutory order approximating a final order in its nature and effect." *Guido*, 202 W. Va. at 202, 503 S.E.2d at 515. *See also Coleman v. Sopher*, 194 W. Va. 90, 94, 459 S.E.2d 367, 371 (1995) (stating that "[t]he usual prerequisite for . . . appellate jurisdiction is a final judgment, final in respect that it ends the case"). In Syllabus point 3, in part, of *James M.B. v. Carolyn M.*, this Court addressed the issue of a final order as follows: "A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined."

---

[9] Petitioner asserts a second assignment of error requesting this Court to examine the correctness of the underlying family court's order disqualifying his attorney. However, we decline to address this second issue. The order on appeal to this Court is the ICA's order dismissing the appeal, not the underlying family court's disqualification order. Therefore, the second issue is not appropriately before this Court.

193 W. Va. 289, 456 S.E.2d 16 (1995). As we further explained, "[t]his rule, commonly referred to as the 'rule of finality,' is designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation[.]'" *Id.* at 292, 456 S.E.2d at 19 (second alteration in original) (quoting *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263, 265, 102 S. Ct. 3081, 73 L. Ed. 2d 754 (1982) (per curiam)). Therefore, "appellate jurisdiction extends to those orders that are final in nature." *M.W. v. L.W.*, No. 14-0853, 2015 WL 3689104, at *3.[10]

The family court's order here disqualifies Petitioner's attorney in the underlying divorce proceeding. This Court has previously concluded that such an order is not a final appealable order. *Norman T. v. Kerrie W.*, No. 14 0701, 2015 WL 1740387, at *1 (W. Va. Apr. 13, 2015) (memorandum decision) (concluding that "[t]he order of disqualification entered by the family court . . . was not a final order" and therefore, was not appealable). Rather, this Court has held that "[a] party aggrieved by a lower court's decision on a motion to disqualify an attorney may properly challenge the lower court's decision by way of a petition for writ of prohibition." Syl. pt. 1, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 697 S.E.2d 740 (2010). *See also Aaron W.*, 244

---

[10] This Court has recognized that there are certain exceptions to the rule of finality. *See Adkins v. Capehart*, 202 W. Va. 460, 463, 504 S.E.2d 923, 926 (1998) (per curiam) (recognizing certified questions, Rule 54(b) judgment orders, and "collateral order" doctrine as exceptions to rule of finality (footnotes omitted)). None of those exceptions apply in this matter.

7

W. Va. at 586, 855 S.E.2d at 894 ("We previously have held that the proper method by which to challenge a disqualification ruling is through a petition for writ of prohibition[.]").

Petitioner contends, however, that while a family court's disqualification order is generally a non-appealable interlocutory order, the order at issue contains a notice that it was a final, appealable order. Specifically, the order includes the following form language at its conclusion:

> NOTICE: This is a Final Order which any party may appeal to the Intermediate Court of Appeals. Any appeal of this Order must be filed in the West Virginia Supreme Court Clerk's Office. A party seeking to appeal this Order must do so within 30 days of entry of this Order by filing a Notice of Appeal as set forth in the W. Va. Rules of Appellate Procedure. If both parties file a notice of waiver and appeal to the W. Va. Supreme Court within 14 days of entry of this Order, the partes may appeal directly to the Supreme Court. If only one-party [sic] timely files a notice of waiver and appeal to the Supreme Court, that appeal will be treated as a petition for appeal to the Intermediate Court of Appeals.

Considering this language, we still find Petitioner's argument that the family court's order is a final, appealable order to be meritless.

Petitioner relies on Rule 22(c) of the West Virginia Rules of Practice and Procedure for Family Court, which sets forth the notice requirements of a family court final order:

> A family court final order shall contain language explicitly informing the parties (1) that it is a final order; (2) that any party

8

aggrieved by the final order may take an appeal either to the intermediate court of appeals or directly to the supreme court of appeals under West Virginia Code § 51-2A-15; (3) that an appeal to the intermediate court of appeals may be filed by either party within thirty days after entry of the final order; and (4) that in order to appeal directly to the supreme court of appeals, both parties must file, either jointly or separately, within fourteen days after entry of the final order, a joint notice of intent to appeal and waiver of right to appeal to the intermediate court of appeals.

However, nothing in the explicit language of Rule 22 authorizes a family court judge to certify an otherwise interlocutory order to be a final order. Rule 22 simply describes the required contents of a family court final order.

Here, the family court's disqualification order is not final in its nature or effect. While the order includes the Rule 22(c) language regarding finality and detailing appellate rights, the order does not "end[ ] the litigation on the merits and leave[ ] nothing for the court to do[.]" *Guido*, 202 W. Va. at 201, 503 S.E.2d at 514 (quotations and citation omitted). To the contrary, the family court's order only disposes of the issue regarding disqualification of Petitioner's attorney and "strongly urge[s] the parties" to settle the underlying matter. As represented by the parties, there are several pending issues in the family court proceeding, including a motion to set aside the final divorce order and a

9

motion challenging the family court's jurisdiction. The family court's disqualification

order, therefore, is not a final order.[11]

---

[11] To the extent that Petitioner also contends that Rule 54(b) of the West Virginia Rules of Civil Procedure applies because of the family court's use of the Rule 22 finality language, we are not persuaded. Rule 54(b) of the West Virginia Rules of Civil Procedure provides that

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

As we have explained, pursuant to "[R]ule 54(b), an order may be final prior to the ending of the entire litigation on its merits if the order resolves the litigation as to a claim or a party." *Durm v. Heck's, Inc.*, 184 W. Va. 562, 566, 401 S.E.2d 908, 912 (1991). Additionally, this Rule only operates in cases where there are multiple claims or parties. *See C & O Motors, Inc. v. W. Va. Paving, Inc.*, 223 W. Va. 469, 477, 677 S.E.2d 905, 913 (2009) ("Consequently, in an action that has only one claim against the defendant, an order granting partial summary judgment on liability against that defendant is not certifiable for appeal under Rule 54(b)." (footnote omitted)). Here, the order does not fully resolve the litigation regarding any single claim or a single party. Accordingly, Rule 54(b) is not applicable.

Because we find that the family court's disqualification order was not final, we must next consider whether the ICA had jurisdiction over the appeal. The Legislature recently enacted the West Virginia Appellate Reorganization Act of 2021, which sets forth the appellate jurisdiction of the newly created ICA. *See generally* W. Va. Code § 51-11-4 (eff. 2022).[12] West Virginia Code § 51-11-4(b)(2) provides that "[u]nless specifically provided otherwise in this article," the ICA has appellate jurisdiction over

> "[f]inal judgments or orders of a family court, entered after June 30, 2022, except for final judgments or final orders issued by a family court in any domestic violence proceeding pursuant to W. Va. Code § 48-27-1 *et seq.* of this code, which appeals shall first be made to a circuit court[.]"[13]

(Footnote added). On the other hand, West Virginia Code § 51-11-4(d)(8) states that the ICA "does not have appellate jurisdiction over . . . [i]nterlocutory appeals[.]" However, the Legislature created a limited exception to § 51-11-4(d)(8)'s general prohibition, and, in West Virginia Code § 48-9-203(f), provides the ICA with limited appellate jurisdiction over certain temporary child custodial allocation orders. *See* W. Va. Code § 48-9-203(f). This exception is not applicable in this matter.

---

[12] The Legislature subsequently amended certain provisions of West Virginia Code § 51-11-4, effective June 6, 2024. Those amendments do not affect the outcome of this matter.

[13] The domestic violence final order exception does not apply here.

11

This Court has held that "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968); *see also State v. Scruggs*, 242 W. Va. 499, 502, 836 S.E.2d 466, 469 (2019) ("'[W]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed.' *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995)."). The relevant statutory language is not vague or ambiguous. Therefore, we apply the statute's plain language as written without interpretation and now hold that the Intermediate Court of Appeals of West Virginia has appellate jurisdiction over "[f]inal judgments or orders of a family court, entered after June 30, 2022[.]" W. Va. Code § 51-11-4(b)(2). However, "final judgments or final orders issued by a family court in any domestic violence proceeding pursuant to W. Va. Code § 48-27-1 *et seq.*" shall be first appealed to a circuit court. W. Va. Code § 51-11-4(b)(2). We further hold that the Intermediate Court of Appeals of West Virginia generally does not have appellate jurisdiction over interlocutory appeals. W. Va. Code § 51-11-4(d)(8). Applying these holdings to the facts of the matter before us, we conclude that the ICA correctly determined that it did not have appellate jurisdiction over the family court's interlocutory disqualification order.

12

**IV.**

**CONCLUSION**

For the reasons explained above, we affirm the August 3, 2023 order of the ICA, dismissing Petitioner's appeal of the family court's order as an improper appeal from an interlocutory order.

Affirmed.

13